No. 2215.—REEVE, CASE & CO. *v.* THE PHŒNIX INSURANCE COMPANY.

23b  219
52  788

The insured is bound by all the conditions and restrictions clearly written or printed in the body of the policy. Therefore, if he has kept certain combustibles and inflammable oils stored in the building insured, which were specially excepted from risk by the insurers, and fire occurs, he can not recover the amount, or any portion of the insurance from the company. In such a case, the insured will not be permitted to urge that the exceptions were not specially pointed out to him at the time the insurance was effected, nor will the fact that such exceptions are unusual among the insurance companies in the city of New Orleans, avail him. Having accepted and taken possession of the policy, he is presumed to be familiar with all its clauses and provisions.

APPEAL from the Fifth District Court, parish of Orleans. *Leaumont, J. Hornor & Benedict,* for plaintiffs and appellants. *M. M. Cohen,* for defendant and appellee.

This case was tried by a jury in the court below.

HOWE, J. The plaintiffs sued on a policy of insurance against fire. The defendant answered by a general denial and by the further allegations that in the body of the policy it was provided that " petroleum, rock, earth, coal, kerosene, or carbon oils of any description, whether crude or refined, benzine, benzole, naptha, camphene, spirit gas, burning fluid, turpentine, phosgene, or any other inflammable liquid, are not to be stored, used, kept, or allowed on the above premises,

temporarily or permanently, for sale or otherwise, unless with written permission indorsed on this policy, otherwise this policy shall be null and void," and that some one or more of the above named articles were, during the existence and running of said policy, "stored, used, kept, or allowed on the premises insured, temporarily or permanently, for sale or otherwise, without written permission indorsed on the policy," and that, by reason of this violation of said provision of the policy, the same became null and void.

Defendant further alleged that by the said policy it was provided that "camphene, spirit gas, burning fluid, phosgene, or any other inflammable liquid, when used in stores, warehouses, shops or manufactories, as a light, subjects the goods therein to an additional charge, and permission for such use must be indorsed in writing on the policy, otherwise the insurance shall be void;" and that one or more of said articles were used in the premises insured as a light without the payment of an additional charge, and permission for such use was not indorsed in writing on the policy, and that, therefore, the insurance is void.

The case was tried before a jury who rendered a verdict for defendant, and from the judgment thereon the plaintiffs have appealed.

The evidence adduced on the trial satisfied the jury, and made it reasonably certain, that coal oil was "stored, kept, used and allowed" on the premises after insurance and before the fire took place in large quantities, and made it highly probable that the fire was caused by the explosion of a coal oil lamp, and considerably aggravated by the presence of the forbidden combustibles. Indeed, it is not seriously contended by the plaintiffs that these provisions were not violated. But they contend that the insured were not bound by the clauses in question: First, because "they were not usual in this market;" second, because "the agent of the defendant concealed the unusual clauses from them;" third, because "the attention of the insured was not specially directed to them," when, "if they had known of such clauses, they would not have effected the insurance in the defendant's company."

*First*—We do not think the unusual character of these clauses in New Orleans, if established, could affect the right of defendant under the circumstances of this case. The policy was accepted by the insured nearly a month before the fire; the assent of the insured to all its provisions is presumed; and to allow the express contract of the company to be varied or impaired by the contracts of other companies in the same city, would be very dangerous.

*Second*—There is no evidence to establish the serious charge that the agent of the defendant concealed these clauses from the insured. He signed and delivered to them the policy in the usual way. The clauses

in question are printed plainly in the same type as the rest of the body of the instrument, with the first words of each in capitals, and attention called to the paragraphs, respectively, by an index (☞). If the insured did not examine the policy, it would seem to have been their own fault. 2 Cranch, 444.

*Third*—We do not think the rights of the defendant can be impaired by the fact that the attention of the insured was not specially directed to these clauses. As before remarked, the policy was executed and delivered to the insured in the usual way. It is not a long document. It could be read in a few moments. It remained in possession of the insured for twenty-six days before the fire. We think the insured must be held to be fully bound by its terms.

Judgment affirmed.