MONITOR MUTUAL FIRE INSURANCE COMPANY *vs.* JAMES N. BUFFUM.

Suffolk. June 22, — 27, 1874.

If a person accepts a policy of insurance without dissent, the law presumes that he knows and assents to its contents.

A., the agent of an insurance company to solicit risks, obtained for B. a policy of insurance from said company, paying for it a cash premium and executing and depositing a premium note, in the name of B. The policy recited that B. had paid a cash premium and given a deposit note of like amount; B. received the policy without reading it, and had no knowledge of the execution of the note by the agent *Held*, that the acceptance of the policy by B. was a ratification of the act of the agent in executing the note; and that the fact, known to B., that the agent was the agent of the company to solicit risks would not prevent his acting for B. in executing the premium notes.

CONTRACT on four promissory notes given as premium notes, under four policies of insurance. At the trial in the Superior Court before *Pitman*, J., the case was after verdict for the defendant reported to this court in substance as follows:

The defendant denied the making of the notes, which were signed "James N. Buffum, per John H. Bubier."

The several policies were offered in evidence and were of the same general tenor. Each policy recited that the insured had paid a cash premium and given a deposit note for a like amount. It appeared that the by-laws of the company authorized the taking of a deposit note for the same amount as the cash premium, and that such was the practice of the company.

The plaintiff then proved the issue of the policies; that they were procured through said John H. Bubier, the person executing the notes in question; that he made the cash payments provided for in the policies at the same time that he signed the notes; that the policies were delivered by Bubier to the defendant, and were never cancelled or surrendered, but remained in full force until after the insolvency of the company and the appointment of a receiver. The said Bubier was agent of the plaintiff for the city of Lynn for the purpose of soliciting risks, but for no other purpose, deducting fifteen per cent. as his commission for all cash premiums, by an arrangement with the company.

Upon this evidence the plaintiff rested. The defendant then testified that being importuned by Bubier to allow him to get the

defendant insured, he assented, and told Bubier he might do so in some good company, and that when Bubier brought him the policies he paid him the several cash premiums; that he took the policies and put them in his desk, but that he never read them until after this suit; that he never authorized Bubier in any way to sign these notes or any notes whatever, nor ever knew of their being signed, or that there were any notes given.

The plaintiff did not claim to control this evidence of the defendant; but contended that the defendant, by taking the policy under the circumstances above recited, ratified the act of Bubier, and was estopped to dispute the execution or validity of the notes. But the court ruled otherwise and directed a verdict for the defendant, which was rendered accordingly.

If the ruling of the court at the trial was right, judgment is to be entered on the verdict; but if the plaintiff's view of the law is correct the verdict is to be set aside and judgment entered for the plaintiff for the amount of the notes and interest.

*E. Morton & J. Willard*, for the defendant, to the point that there was no subsequent ratification by the defendant of Bubier's unauthorized act in signing the notes, cited *Combs* v. *Scott*, 12 Allen, 493, 496; *Hoxie* v. *Home Insurance Company*, 32 Conn. 21; *Nickerson* v. *Darrow*, 5 Allen, 419.

*W. G. Colburn*, for the plaintiff.

WELLS, J. The question in this case is simply whether the notes, given to the plaintiff, in the name and behalf of the defendant, became his notes, either by previous authority to Bubier, or by subsequent ratification.

Upon the defendant's own testimony in the case it appears that he told Bubier that he might procure insurance for him in some good company. Bubier, acting within the scope of this authority, did procure certain policies of insurance for him, giving the notes in question as deposit notes for a part of the premium, in accordance with the by-laws and practice of the insurance company. The defendant received the policies from Bubier, paid him the cash premium, put the policies in his desk, and retained them nearly four of the five years they had to run. The policies recited, as their consideration, the payment of a certain sum as cash premium, and the giving of a deposit note of like amount and of even date.

The defendant having thus accepted the policies and held them as contracts binding upon the insurance company, must be taken to hold them according to the terms which they express. In the absence of fraud he is conclusively presumed to assent to those terms. He cannot be permitted to qualify his contract or his relations to the subject matter of it, by asserting and proving that he never read the writing and was ignorant of its contents. If he would bind the other party he must be bound himself. *Grace* v. *Adams*, 100 Mass. 505. The same principle applies to this case. By accepting the policies which expressly recite the corresponding obligation entered into on his part, the defendant adopted the act of Bubier in assuming that obligation for him as part of the transaction.

The fact, known to the defendant, that Bubier was agent of the plaintiff for the purpose of soliciting risks, would not prevent his acting for the defendant in executing the premium notes, if expressly authorized thereto ; and subsequent ratification is equivalent to such express authority.

By the terms of the report "if the plaintiff's view of the law is correct the verdict is to be set aside, and judgment entered for the plaintiff for the amount of the notes and interest." The plaintiff's view of the law, as stated in the report, is that the defendant by accepting the policy "ratified the act of Bubier and was estopped to dispute the execution or validity of the notes." Estoppel is technical, and does not accurately describe the defendant's condition. But as there is no fact open which ought to be submitted to a jury ; and as upon the facts stated in the report the defendant must be conclusively presumed to have adopted the act of Bubier in giving the notes upon which the policies were based, the same result must follow as if it were an estoppel.                    *Judgment for the plaintiff.*