VAN BRUNT, P. J. and BRADY, J., concurred.

Judgment in favor of the defendant, as directed in the opinion, together with costs.

---

PETER WILKENS, APPELLANT, _v._ THE MUTUAL RESERVE FUND LIFE ASSOCIATION, RESPONDENT.

_Certificate of life insurance — answers of insured, improperly written down in the application by the agent of the company — when proof of that fact is not proper._

In an action upon a certificate of life insurance a defense was interposed by the insurance company, alleging that false representations had been made by the assured in answer to certain questions put to him on his application for the certificate. The insurance certificate provided that the answers and statements in the application therefor should constitute warranties, whether written by the hand of the assured or not, that they were full, complete and true; and, further, that " each of the statements made therein, whether written by his own hand or not, every person accepting or acquiring any interest in this contract hereby adopts as his own, admits to be material and warrants to be full and true, and to be the only statements upon which this contract was made."

Upon the trial of the action proof was offered to the effect that the assured, at the time when he made his application for the insurance, stated to the agent of

the company the facts inquired of differently from the manner in which the answers were set forth in such application.

*Held,* that, under the provisions of the certificate of insurance, by which the assured accepted and adopted as his own, and admitted the truth of, the statements contained in the application, whether written by his own hand or not, he was not entitled to be relieved from the consequences thereof by proof that the agent had improperly, as well as untruthfully, filled out the application.

*Chase* v. *Hamilton Insurance Company* (20 N. Y., 52) followed; *Flynn* v. *The Equitable, etc., Insurance Company* (78 id., 568); *Grattan* v. *Metropolitan Life Insurance Company* (80 id., 281); *Bennett* v. *Agricultural Insurance Company* (106 id., 243); *Moore* v. *Phœnix Mut. Life Insurance Company* (107 id., 292) distinguishd.

APPEAL by the plaintiff from a judgment recovered at the New York Circuit on the dismissal of the plaintiff's complaint, entered in the office of the clerk of the county of New York January 23, 1888.

*William G. Wilson,* for the appellant.

*Alfred Taylor,* for the respondent.

DANIELS, J.:

The plaintiff brought this action as assignee of a certificate of life insurance issued by the defendant upon the life of Daniel S. Sanford. By the terms of the certificate there became payable to him, from the death fund of the association, the sum of $10,000 from and after the period of his decease. This certificate was assigned to the plaintiff and another person, the latter having also added a further assignment, including his own interest. The assured died on or about the 7th of February, 1886, and the ordinary notice and proofs of the fact were supplied to the defendant. The association resisted the right of the plaintiff to payment of the amount mentioned in the certificate on the ground that false representations had been made by the assured in the application for the certificate, rendering the certificate itself invalid and inoperative. These representations consisted in the answer of the assured, to the question requiring a statement of his occupation, that he was a carpenter. And to an answer to a further question whether he had consulted any physician regarding his health within the preceding five years, and if so, what physician, and when and for what disease. To this he answered no. The further inquiry was made whether he ever had any illness or injury not enumerated in preceding questions or

had been an inmate of any hospital. And to that he answered in the negative. By the proof the fact was established that he had at one time served as cook or steward upon sailing vessels, and within five years preceding the date of the application he did consult a physician regarding his health and for disease, and that the answer made to the inquiry concerning that subject was untruthful. It was also proved that from October 3, 1882, to the twenty-fifth of the same month he had been an inmate of a hospital; and, also, that he was an inmate of a hospital within three years prior to the time of his application for the certificate, and that his answer that he had not been was untruthful. And these answers, under the authorities, were held at the trial to avoid the certificate.

This resulted from statements in the application signed by the assured that " I do hereby warrant that my answers as written to the above questions are full, complete, correct and true, and the same shall be made a part of the contract of my certificate of membership in the Mutual Reserve Fund Life Association."

And " it is hereby warranted by the applicant that the answers and statements in this application, whether written by his own hand or not, are full, complete and true, and it is agreed that this warranty shall form the basis and shall be a part of the contract between the undersigned and the Mutual Reserve Fund Life Association, and are offered to said association as a consideration of the contract applied for, and the applicant further agrees that if any statements, representations or answers made herein are not true, full and complete, then the certificate to be issued hereon shall be null and void, and all money paid thereon shall be forfeited to said association."

And, from a further provision in the insurance, that " in consideration of the application for this certificate of membership, which is hereby referred to and made a part of this contract, and of each of the statements made therein, which, whether written by his own hand or not, every person accepting or acquiring any interest in this contract hereby adopts as his own, admits to be material and warrants to be full and true, and to be the only statements upon which this contract is made."

By these stipulations and provisions the assured warranted the truth of the representations which had been made by him. And as they turned out to have been untruthful as to the fact of his con-

sulting a physician, and having on two occasions been an inmate of a hospital, that relieved the defendant from liability for the payment of the money mentioned in the certificate. It was, however, proposed to be proved that the assured, at the time when he made the application for the insurance, informed the agent of the defendant as to the facts being otherwise. This offer of proof was rejected by the court. And the cases of *Flynn* v. *Equitable, etc., Insurance Company* (78 N. Y., 568) ; *Grattan* v. *Metropolitan Life Insurance Company* (80 id., 281) ; *Bennett* v. *Agricultural Insurance Company* (106 id., 243) and *Moore* v. *Phœnix Mut. Life Insurance Company* (107 id., 292), have been relied upon as authorities establishing the incorrectness of this ruling. But they are not entitled to that effect in this case, for the reason that the assured, by the application, took upon himself the entire risk of the truth of the representations made by him, and on the correctness of which the certificate was made to depend. In neither of the cases which have been referred to were these provisions contained. And that distinguishes those authorities from this action. For, in this instance, the assured assumed the responsibility for the correctness of the acts of the agent in filling out and completing the application, and thereby conclusively bound himself for the truth of the statements which had been made. The effect of his agreement to accept for himself and become bound by the acts of the agent in filling out the application as those of his own agent, was considered in *Chase* v. *Hamilton Insurance Company* (20 N. Y., 52), and, also, in *Alexander* v. *Germania Fire Insurance Company* (66 id., 464) ; *New York Life Insurance Company* v. *Fletcher* (117 U. S., 519). And these authorities all agree, where the assured in this manner accepts and binds himself for the truth of the statements contained in the application, that he cannot be relieved from that result by proof of the fact afterwards made that the agent improperly, as well as untruthfully, filled out the application. Where, on the contrary, he expressly assumes the acts of the agent as his own acts, and binds himself for the truth of the statement made there, neither he nor his representatives can be relieved from the effect by proof that the agent had acted faithlessly. This results from the voluntary agreement of the insured himself, over

which a court of justice has no authority by way of relief. That the application and policy, or certificate, may be subjected by the statements contained in them to this disability, will no doubt seriously impair the value of life insurance policies. And as the court is not authorized to relieve the party from the agreement voluntarily entered into by him in this way, the fact itself can be no further useful than to enjoin upon persons taking policies of life insurance greater care and circumspection to discover whether anything may be contained in the application or the policy, which, in the end, will render it a fruitless source of reliance. There is a probability that this agent, in reducing the answers of the assured to writing, was faithful to the obligations of his employment, for he stated in his evidence, and that was not contradicted, that he filled out the blank from information obtained from Mr. Sanford, and that it was all in conformity with what he had stated to the agent.

The plaintiff, upon the trial, proposed to give evidence, from which the position has been taken that the company had placed itself in a condition in which it could not take advantage of ·the untruthful nature of these answers. For this purpose it was proposed to prove, before the assignment was taken of the certificate, that the parties repaired to the office of an agent of the company and there consulted him as to the regularity and validity of the policy, and that he substantially represented the policy to be a valid security. This evidence was rejected upon the. trial upon the ground that the agent, even though he might have been a director in the company, had no authority to change the certificate, or to prevent the company from taking advantage of these untruthful answers. It was not proposed to be shcwn that any information of the fact of the answers being untruthful had been brought to the attention of the defendant or either of its officers, or to the attention of this agent. And, without information to that effect, the agent would naturally assume that the certificate had been obtained by truthful representations made on behalf of the assured. And in that state of the case there could be no reason for assuming or supposing that it was intended to surrender or waive any advantage that the company might be entitled to claim from the fact being otherwise. The assurance that the certificate was a safe investment, or might be relied upon as having been legally or correctly

issued would, in this state of the facts, include no more than that the conduct of the company had been such as to bind it, so far as its own proceedings went, legally and effectually, for the payment of this money.   It would not surrender or prejudice its right to avail itself of the objection that there had been such misconduct on the part of the assured himself which, at the time, was unknown to the company or its agent, as rendered the certificate invalid and relieved the company from this obligation.   As much as this was, in fact, provided for in the certificate itself declaring that "no agent of the association has authority to make, alter or discharge contracts, waive forfeitures, extend credit or grant permits, and no alteration of the terms of this contract shall be valid, and no forfeiture thereunder shall be waived, unless such alteration or waiver shall be in writing and signed by the president and one other officer of the association."   And of the extent to which the plaintiff, as assignee, is chargeable with notice.

And that precluded the agent, even though he might have been a director of the company (*Niagara Falls Suspension Bridge Co.* v. *Bachman,* 66 N.Y., 261), from the exercise of such authority over this certificate as would exclude the right of the company to make the defense which proved successful upon the trial.   For it was there provided that no forfeiture should be waived unless the waiver was in writing, signed by the president and one other officer of the association.   It was not proposed to be proved that any waiver of this description had taken place, and without it the evidence which was rejected would have been entirely useless.   As the case was made to appear the plaintiff was not entitled to recover, and the judgment should be affirmed.

BRADY, J., concurred.

Judgment affirmed.