EDWARD C. McFARLAND vs. ST. PAUL FIRE & MARINE INSURANCE
COMPANY.

July 7, 1891.

Fire Insurance—Condition against Use of Dangerous Article—Waiver.— Where by the terms of a policy issued without inquiry, and without an application or any representations, by a fire-insurance company, the use of a certain article upon the insured premises is prohibited, and there is nothing about the description of the property insured which necessarily implies or indicates the use of the forbidden article, the insurer does not waive the condition, nor consent to an existing use which could have been ascertained by reasonable investigation.

Same—Effect of Conditions.—As a general rule, where there is no application for insurance, the insured is bound by the conditions found in the policy which he has accepted and retained without objection.

Same—Absence of Representation by Insured or of Investigation by Insurer.—The defendant insurance company issued its policy to plaintiff, whereby it indemnified him from loss of his dwelling-house by fire. There was a condition in the policy that if gasoline was used upon the premises the policy should be void. It was issued without inquiry, and without an application or any representations on plaintiff's part. Reasonable investigation would have disclosed that plaintiff was then using a gasoline stove, and the fire which subsequently destroyed the house was caused by an explosion of this stove. Held, that the plaintiff could not recover on the policy.

Appeal by plaintiff from an order of the district court for Ramsey County, *Wilkin*, J., presiding, refusing a new trial after verdict directed for defendant, in an action to recover $1,450 on a fire-insurance policy.

*Johns, Michael & Johns*, for appellant.

*George L. Bunn*, for respondent.

COLLINS, J.    Although the policy of insurance upon which plaintiff seeks to recover in this action, for a loss caused by the explosion of a gasoline stove, contained a clause which provided that, if the assured should keep or use gasoline upon the insured premises—a dwelling-house—without the written permission of the de-

fendant company, the policy should be void, it is contended by him that as the house was insured without an application in writing, and without any representations being made, after the company's agent had full opportunity to examine the premises, by which examination he would have discovered that the gasoline stove was in common use for cooking purposes, it was chargeable with such knowledge as an investigation would have disclosed; and that therefore it assumed the risk as it actually existed when the policy was issued, subject to any use as a dwelling-house not so exceptional and peculiar that the defendant company could not be supposed to have anticipated. To put the plaintiff's proposition in another form, it is that when an insurance company issues a fire policy without inquiry, or without application or representations, it consents to any existing use of the insured property which it could have ascertained by reasonable investigation, although by the terms of the policy such a use is expressly prohibited, and there is nothing about the description of the property which necessarily implies or indicates that it may be used in the prohibited manner.

On the trial, testimony was offered and received in plaintiff's behalf which tended to prove that the practice of using gasoline stoves in dwelling-houses had become quite prevalent in the city wherein the insured property was located. Undoubtedly, the purpose of this testimony was to show that the use of the forbidden article in dwellings was not exceptional or peculiar, but, on the contrary, had become established by custom. Its sufficiency in this respect we need not stop to consider, for all of this class of testimony should have been excluded as immaterial. The policy, which had gone into plaintiff's hands, and the contents of which he is presumed to have known, was unequivocal on this point, and declared that if gasoline was used on the premises the contract for insurance should be void. There was no language in the instrument from which a different or contrary intention—an intent to permit the use of gasoline—could be gathered. The clause wherein its use was forbidden was not repugnant to any other provision, nor were there elsewhere terms or conditions from which it could be implied that the defendant company waived the prohibition. The plaintiff has not brought his case within an

application of the rule laid down in *Phœnix Ins. Co.* v. *Taylor*, 5 Minn. 393, (492,) in which it was held that printed conditions in an insurance policy prohibiting the keeping of gunpowder in the building containing the merchandise insured were controlled and governed by the written portion, describing the property covered by the policy as a "stock of goods, consisting of   *   *   *,   and such goods as are usually kept in a general retail store;" it having been shown that gunpowder was usually kept in such a store.   By the use of general terms in the written part of the policy,—terms which would ordinarily include the forbidden article,— the insurance company was deemed to have waived the invalidating printed clause as effectually as if the article had been expressly insured.   We think it may be said, safely, that none of the well-considered cases go beyond this, proceeding strictly upon the principle that the written portion of the contract must be given the controlling force, where a conflict or want of harmony arises between it and a printed stipulation.   But in the case at bar there was no conflict or want of harmony.   The defendant insured the plaintiff's dwelling-house upon an express condition that the use of gasoline should terminate the contract.   The defendant did not use ambiguous language, or insert in one portion of its policy a clause at variance with or repugnant to a clause found elsewhere, and thus mislead the insured as to the burdens or restrictions imposed upon him; but, on the other hand, it emphatically notified him that if he used gasoline, as well as other well-known hazardous articles, his policy became void.   The cases cited by appellant where there were ambiguous and conflicting clauses and terms in the policies, in line with *Phœnix Ins. Co.* v. *Taylor, supra*, have no application to the facts now before us.

Nor can it aid the plaintiff that he made no application for insurance, and no representations as to the use or non-use of gasoline on the premises.   This is not a case where, there being no conditions in the policy governing the matter, it might be held that the insured need not disclose facts incident to the risk, such as an incumbrance upon it, unless required to do so; nor is it a case where the conditions are predicated upon or referable to an application made by the insured.   The general rule is well stated to be that, where there is

no application, the insured is bound by the conditions found in the policy which he has accepted and retained without objection. *Swan* v. *Watertown Fire Ins. Co.*, 96 Pa. St. 37; May, Ins. 167. Exceptions may be found to this rule, but there are none which can be of service to appellant; for the policy alone, unmodified by representations or in any other manner, was the contract existing between the parties. The conclusive effect of a condition in an insurance policy, under like circumstances, was, in fact, determined in the recently decided case of *Collins* v. *St. Paul F. & M. Ins. Co.*, 44 Minn. 440, (46 N. W. Rep. 906.) The plaintiff therein was not allowed to recover as against an explicit condition in the policy that the company should not be liable if the interest of the assured in the property was not one of absolute and sole ownership, because it appeared beyond controversy that plaintiff had but a life-estate. There was no attempt on the trial of that case to show that the plaintiff's application for insurance contained any question or answer in respect to the title. The right to recover was successfully resisted by the insurance company solely upon the condition found in the policy.

Order affirmed.