## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

OCTOBER TERM, 1898.

*(Continued from Volume 78.)*

MARY S. OVERTON, Appellant, v. AMERICAN CENTRAL INSURANCE COMPANY, Respondent.

$\begin{vmatrix} 79 & 1 \\ 95 & 303 \end{vmatrix}$

Kansas City Court of Appeals, February 20, 1899.

1. **Insurance**: OWNERSHIP: VIOLATION OF STIPULATION. A policy of insurance stipulated that the assured was the unconditional owner in fee simple, and if not the policy was to be void. The property descended to the heirs of the assured's deceased husband. Held, no action could be sustained on the policy.

2. ———: FAILURE TO READ: ACCEPTANCE. Where the assured accepts the policy and puts it away without reading he declares the title to be as stipulated in the policy.

*Appeal from the Jasper Circuit Court.*—HON. J. D. PERKINS, Judge.

AFFIRMED.

WM. B. SKINNER and HENRY BRUMBACK for appellant.

(1) Plaintiff paid defendant for insurance, and defendant made the contract of insurance, and the loss of the

Overton v. Ins. Co.

property occurred. The evidence shows conclusively that no statements whatever were made by plaintiff's agent, in applying for insurance, as to title or ownership of the property, but he simply said we wanted the property insured, and that defendant's agents did the rest, acting upon their own knowledge as to facts and discretion as to whose name the policy should run in; and that as to the contemplated use of the property, defendant was fully and correctly advised. Upon such state of facts, defendant can not be absolved by reason of action taken or recitals made by her herself or her own agents; and especially so in the present case, where defendant's agents were vice-principals with unlimited authority to write the insurance without consultation of any superior. Parsons v. Ins. Co., 132 Mo. 588 to 590, and cases cited; Ayres v. Ins. Co., 66 Mo. App. 288, and cases cited; Shell v. Ins. Co., 60 Mo. App. 649; Clark v. Ins. Co., 61 Mo. App. 183; Scott v. Ins. Co., 69 Mo. App. 340, 341; Breckenridge v. Ins. Co., 87 Mo. 71. (2) "It is clear that a person authorized to accept risks, to agree upon and settle the terms of insurance and to carry them into effect by issuing and renewing policies must be regarded as the general agent of the company." Pitney v. Ins. Co., 65 N. Y. 21; Ins. Co. v. Ruckman, 127 Ill. 364; 20 N. E. Rep. 77; Machine Co. v. Ins. Co., 35 N. E. Rep. 1063; 50 Ohio St. 549; Harding v. Ins. Co., 71 N. W. Rep. (S. D.) 755; Goode v. Ins. Co., 23 S. E. Rep. (Va.) 744; Ins. Co. v Tile Co., Ind. App. 43; N. E. Rep. 45; McGuire v. Ins. Co., 40 N. Y. S. 300; Kahn v. Ins. Co., 34 Pac. Rep. (Wy.) 1059; Mfg. Co. v. Ins. Co., 52 N. W. Rep. 866. (3) The plaintiff having a homestead estate in the property, and being in possession, undoubtedly had an insurable interest in it. Rohrbach v. Ins. Co., 62 N. Y. 47, and cases cited; Ins. Co. v. Mendenhall, 45 N. E. Holloway v. Ins. Co., 48 Mo. App. 1; Loehner v. Ins. Co., N. E. Rep. 390; 132 N. Y. 133; Berry v. Ins. Co., 132 N. Y. 49; 30 N. E. Rep. 254, and cases cited; Wainer v. Ins. Co.,

26 N. E. Rep. 877; 153 Mass. 335; Reynolds v. Ins. Co., 46 N. W. Rep. 659.

GOODE & CRAVENS for respondent.

(1) It is conceded by the plaintiff that she was not the sole owner, in fee simple, of the land upon which the building in controversy stood. She at most had but a life interest in the property. A person, to be sole and undisputed owner of property, must have either the complete legal or equitable title. Roberts v. Ins. Co., 26 Mo. App. 97; Breckenridge v. Ins. Co., 87 Mo. 62; Thomas v. Ins. Co., 20 Mo. App. 157. (2) The provisions contained in the policy, to the effect that the assured was the sole and unconditional owner, in fee simple, of the ground upon which the building stood, and that the same was free from incumbrance, have the force and effect of warranties, and are conditions precedent to the right of recovery. Shoup v. Ins. Co., 51 Mo. App. 286; Maddox v. Ins. Co., 56 Mo. App. 343; Barnard v. Ins. Co., 27 Mo. App. 26. (3) The mere acceptance by the party assured of the policy containing the foregoing provisions, is equivalent to the assertion that he is the sole and unconditional owner of the property, and that the same is free from incumbrance, and he is estopped from claiming by virtue of any other right, or interest in the property, unless it shall appear from the evidence that at the time the policy was written the agent of the defendant company was informed of the true state of the title. Roberts v. Ins. Co., *supra;* Holloway v. Ins. Co., 48 Mo. App. 1; Loehner v. Ins. Co., 17 Mo. 247; Mers v. Ins. Co., 68 Mo. 127; Ins. Co. v. Barnett, 73 Mo. 364.

ELLISON, J.—This action is based on a policy of fire insurance in which it was stipulated that the assured was the sole and unconditional owner in fee simple. The court gave a peremptory instruction directing a verdict for defendant.

It was stipulated in the policy that plaintiff was the sole and unconditional owner in fee simple of the property. It was further stipulated that if the interest of the assured in the property be not truly stated, the policy should be void, and that the policy was made and accepted subject to such stipulations and conditions. There was no written application for the insurance and nothing was said, at the time of the verbal application, by either party as to the title.

The case shows and in fact concedes, that plaintiff was not the sole and unconditional owner. The property was owned by her husband prior to his death and upon his death descended to his heirs and it had never been partitioned. In such state of case there was clearly no right of recovery. To sustain the action would be, in the face of the provisions of the contract, without a semblance of excuse or reason in avoidance. Barnard v. Ins. Co., 27 Mo. App. 26, and authorities cited.

INSURANCE: ownership: violation of stipulation.

It is suggested that plaintiff did not read the policy, but put it away until after the fire. The terms of the policy were nevertheless binding upon plaintiff. It must be assumed that by acceptance she was acquainted with its terms. Accepting the policy with such conditions and stipulations unaccompanied by a true statement of the title amounts to a declaration that the title is absolute. Mers v. Ins. Co., 68 Mo. 127. Unless the agent himself knows the true state of the title.

——: failure to read: acceptance.

The foregoing is unquestionably the law as it has been declared in this state and we regard the authorities cited by plaintiff from this state as inapplicable.

Other points were made and discussed but what we have said suffices to determine the case. The judgment, under the law, was manifestly for the right party and it is affirmed. All concur.