————o————

## No. 4105.

### (Court of Appeal, Parish of Orleans.)

### MORRIS BARNETT vs. STEVE VACCARO.

1. Where a policy of life insurance which was duly delivered and accepted by an applicant differed in any material respect from the kind of policy for which he had contracted. it was his duty, if he did not desire to retain the policy received by him, to return or offer to return the same *within a reasonable* time to the company or an agent thereof authorized to receive it, and upon failing to do either, the applicant cannot avoid the payment of a promissory note given by him for the first premium due upon the policy.

2. It will not avail the applicant as a defense to say that he did not read the application nor the receipt for the policy of insurance before signing the same. If he failed to read the documents it was his own fault and he cannot escape an obligation imposed upon himself by his own gross negligence.

Appeal from Civil District Court, Division "B."

Gustave Lemle, for Plaintiff and Appellee.

H. M. Ansley, for Defendant and Appellant.

ESTOPINAL, J. This is a suit on a promissory note, plaintiff being the holder of a note executed and endorsed by the de-

fendant dated April 4th, 1905, for the sum of $342.14, and payable on the 15th day of December, 1905. Plaintiff also sues to recover three ($3.00) dollars, protest fees expended by him on said note. Judgment was for plaintiff and the defendant appealed. Defendant admits making note and delivering same to Morris Barnett, but sets up as a defense that his note was obtained by false representations on the part of plaintiff, and that the note was given without consideration. Defendant avers that he held a contract of life insurance in the New York Life Insurance Company known as "a twenty year life;" that plaintiff who was a solicitor for the Home Life Insurance Company, being familiar with the terms and conditions of the policy of insurance issued defendant by the New York Life, stated to defendant that he (plaintiff) could write him the identical policy in the Home Life Insurance Company, payable in ten years, the premium to be about thirty dollars a year in excess of those charged by the New York Life.

Defendant then avers that he authorized plaintiff to write him a policy for $10,000.00 in the Home Life Insurance Company to be identical in terms with the one held by him in the New York Life, except that the policy in the Home Life should be "a ten pay life" instead of "a twenty pay life;" that the policy written by plaintiff was received, and, that without reading same, he put it away in his safe, and in payment of the first year's premium he issued to plaintiff the note sued on herein; that subsequently he discoverd that the policy issued him by plaintiff was not identical in terms and conditions with the New York Life policy, in that the Home Life policy was a ten year annuity policy; that he thereupon notified plaintiff who endeavored to show him that the insurance contract issued by his company was a better contract than that held by defendant in the New York Life. Defendant claiming that the policy was received and accepted through misrepresentation and wanting his consent, that the contract was null and void and without binding force or effect upon him, and he pleads want of consideration.

We have examined with care every feature of this record which can have any relevancy in determining the issues involved.

We hesitate always to disturb the conclusions reached by the District Judge when questions of fact are involved, and in

a case like the one at bar, where the oral testimony on one side or the other is supported and substantiated by documentary evidence, we will unhestitatingly approve and affirm the lower Court.

Defendant's effort to show fraud on the part of plaintiff is not of a convincing character. But admitting that plaintiff did misrepresent and did practice a fraud on the defendant in his preliminary dealings, i. e., before the issuance of the policy, it was defendant's duty, upon receipt of the policy to confirm by a reading and study of the contract, whether or not the plaintiff had incorporated in said contract all the stipulations and conditions agreed upon. Defendant should have read both the application and the receipt for the policy before signing and his failure so to do was gross negligence and carelessness on his part and it comes with bad grace for him to now complain after the lapse of months and during all of which time he has enjoyed protection under said policy.

The language of the receipt should have awakened in him a curiosity to examine the policy. His interest demanded that he should. He gives a receipt acknowledging receipt of the policy and stating *"the same being in accordance with my understanding of the policy for which I applied."* The defendant had the very best, easiest and simplest method at hand of verifying the similarity of the new contract of insurance with the old. He was in possession of both. He need but compare them. Ordinary prudence should have dictated to defendant the proper course to pursue in the matter, and he cannot now, especially after enjoying protection under this policy for several months, be heard to say that the policy was not the kind for which he contracted.

Had the defendant, within a reasonable time after the issuance of the policy made the discovery that the policy was not the one he intended to have, and had he then immediately informed the company or its agents and protested, he should unquestionably get relief, but where, as in the case at bar, the defendant (insured) signs an application, gets the policy under that application, and signs a receipt declaring the policy to be one in accordance with what he desires, and then puts the contract away in his safe where it remains for months, in fact, until a short time before the maturity of the notes given in payment of the first year's premium, and then for the first time

makes the discovery that he does not hold a proper contract, we believe that justice and fair dealing demand that the party complaining shall suffer for his unpardonable negligence. The defendant may not, let us say, have gotten the exact contract of insurance that he had reason to expect, yet the fact remains that had he died within the year after the issuance of the policy his beneficiaries would have recovered under it.

The Supreme Court has repeatedly held that one who enters into a written contract cannot avail himself of error resulting from failure to read the same before signing.

22 A. 14, 35 A. 846; 41 A. 18; 106 La. 780.

In none of the cases cited above are the same issues involved as in the case at bar, but on the general proposition of the *effect of signing documents without first reading,* our Court has uniformly held that the party signing, provided he do so of his own accord and free will, is bound by its terms.

In Insurance Co. vs. Buffurn, 115 Mass. 343 it was held that "if a person accepts a policy of insurance without dissent, the law presumes that he knows and assents to its contents."

In Insurance Co. vs. Hodgkins 66 Mo. 109 the Court held: "The defendant says he did not read this paper."

A. If so, that is folly and isnot fraud.

From an investigation of the authorities submitted in this matter we are impressed with the soundness of the doctrine enunciated in the case of Leigh vs. Brown 99 Ga. 258.

The Court said: "Where a policy of life insurance which was delivered to an applicant differed in any material respect from the kind of policy for which he had contracted, it was his duty if he did not desire to retain and accept the policy received by him, to return or offer to return the same within a reasonable time to the company, or an agent thereof authorized to receive it, and upon failng to do either, the applicant could not avoid paying a promissory note which he had given for the first premium due upon the policy."

Defendant is an intelligent man and a business man.

The contract was a written one and he possessed ready means of ascertaining its correctness. This he failed to do and only a short time before the maturity of the note given by him for the first premium, does he make protest.

He has for nearly a year enjoyed protection under the policy.

173

Under these circumstances he cannot escape the payment of the obligation.

We find no reason to disturb the judgment of the District Court and it is hereby affirmed.