[S. F. No. 6659. In Bank.—July 6, 1914.]

## ROBERT K. MADSEN, Respondent, v. MARYLAND CASUALTY COMPANY OF BALTIMORE (a Corporation), Appellant.

INSURANCE—POWER OF SOLICITING AGENT—WAIVER OF WARRANTY.—A mere soliciting agent of an insurance company has no power to effect the waiver of a warranty exacted from the insured by the insurer, either expressly, or by himself writing the application for insurance and embodying a known false statement touching such warranty therein.

ID.—ACCIDENT INSURANCE—APPLICATION PREPARED BY AGENT—KNOWLEDGE OF AGENT—WAIVER OF WARRANTY.—Where a mere soliciting agent for an accident insurance company himself prepares the application of the insured for a policy, which contained a warranty that the insured was neither partially nor totally deaf, the fact that such agent knew that the insured was deaf did not effect a waiver of the warranty, there being an express provision in the policy that no such waiver should result from such knowledge or notice.

ID.—ACCEPTANCE OF POLICY BY INSURED.—The insured, by accepting and retaining the policy without objection for upward of six years became bound by its terms, and cannot be heard to say that he did not read it or know its terms.

ID.—BREACH OF WARRANTY DEFENSE TO ACTION ON POLICY.—The breach of such warranty is a defense to an action on the policy notwithstanding the deafness of the insured did not contribute to the injury sued for.

APPEAL from a judgment of the Superior Court of Fresno County and from an order refusing a new trial. George E. Church, Judge.

The facts are stated in the opinion of the court.

Myrick & Deering, and James Walter Scott, for Appellant.

L. L. Cory, for Respondent.

THE COURT.—A rehearing was granted in this case for further consideration of the principal question involved,—namely, the power of a mere soliciting agent of an insurance company to effect the waiver of a warranty exacted from the insured by the insurer, either expressly, or, as here, by him-

self writing the application for insurance and embodying a known false statement touching such warranty therein. Still further, a rehearing was granted because the identical question was before the court in another case, that of *Sharman* v. *Continental Ins. Co.*, 167 Cal. 117, [138 Pac. 708]. The decision in that case is controlling in this. It is to the effect, as there fully expressed, that such soliciting agent has not the power to waive conditions and warranties. The opinion of the district court of appeal hereto appended is, therefore, adopted, and the judgment appealed from is reversed.

"Appeal from judgment and order denying defendant's motion for a new trial.

"Plaintiff recovered judgment against defendant for the sum of $1,300 upon an accident insurance policy.

"One Graff, a soliciting agent for defendant, solicited the insurance from plaintiff who was very deaf, as was well known to said Graff. The application for the policy was filled out by Graff, and without being signed, or read to or by plaintiff, was sent to the general agent of defendant. It contained a warranty to the effect that plaintiff was neither partially nor totally deaf. A policy was issued by the defendant and sent to plaintiff through the mail in August, 1904. It remained in his possession until and after the accident, which occurred in January, 1911.

"Among other things it in terms stated that it was issued 'in consideration of the warranties made in the application . . . (copy of which application is indorsed herein and made a part hereof).'

"A copy of the application was indorsed on the policy. The policy also contained the following condition: 'An agent has no authority to change this policy, nor to waive any of its provisions, nor shall notice to any agent or knowledge of his or any other person be held to effect a waiver or change in this contract, or any part of it. No change whatever in this policy and no waiver of its provisions shall be valid unless an indorsement is added thereto signed by the president or secretary of the company, expressing such change or waiver.'

"Plaintiff placed this policy in his safe deposit box without reading it. It was for a term of one year, but for six successive years thereafter upon payment of the premium

plaintiff procured from defendant renewal certificates as follows:

" 'In consideration of the premiums . . . Maryland Casualty Company of Baltimore hereby agrees to continue in force the above numbered policy for twelve months . . . provided the statements in the schedule of warranties in the original contract are true at this date, and that nothing exists at the date hereof to render the hazard greater than or different from that shown by said schedule.'

"Plaintiff was injured in a railroad accident. His deafness, which had existed from childhood and was permanent, in no way contributed to his injuries.

"No officer, agent or other person connected with defendant save Graff had any knowledge of plaintiff's deafness. Graff, as we before stated, was but a soliciting agent.

"The points involved in this appeal are raised by specifications as to the insufficiency of the evidence to support the findings of fact, as well as to objections to certain evidence.

"Plaintiff's theory of the case is that the fact that Graff had knowledge of plaintiff's deafness charged the defendant with such knowledge, and effected a waiver of the warranty.

"But aside from the fact that Graff was but a soliciting agent, the policy contains an express condition that no such waiver shall result from any such knowledge or notice.

"That such a condition is a valid limitation upon the authority of a mere soliciting agent at least is now well established. (*Iverson* v. *Metropolitan Life Ins. Co.,* 151 Cal. 746, [13 L. R. A. (N. S.) 866, 91 Pac. 609] ; *Fidelity & Casualty Co. of N. Y.* v. *Fresno Flume & Irrigation Co.,* 161 Cal. 466, [37 L. R. A. (N. S.) 322, 119 Pac. 646] ; *Modern Woodmen of World* v. *Tevis,* 117 Fed. 369, [54 C. C. A. 293] ; *Wilkens* v. *Mutual Ben. Reserve Fund Life Ins. Co.,* 54 Hun, 294, [7 N. Y. Supp. 589] ; *Fitzmaurice* v. *Mutual Life Ins. Co.,* 84 Tex. 61, [19 S. W. 301].)

"There is no pretense or claim that any fraud was practiced upon the plaintiff.

"By accepting and retaining the contract without objection plaintiff was bound by its terms and cannot now be heard to say that he did not read it or know its terms. (*Quinlan* v. *Providence Washington Ins. Co.,* 133 N. Y. 356, [28 Am. St. Rep. 645, 31 N. E. 31] ; *Cleaver* v. *Traders Co.,* 65 Mich. 527, [8 Am. St. Rep. 908, 32 N. W. 660] ; *Bostwick*

v. *Mutual Life Ins. Co.*, 116 Wis. 392, [67 L. R. A. 705, 89 N. W. 538, 92 N. W. 246]; *Wierengo v. American Fire Ins. Co.*, 98 Mich. 621, [57 N. W. 833]; *McFarland v. St. Paul F. & M. Ins. Co.*, 46 Minn. 519, [49 N. W. 253]; *Reeve v. Phoenix Ins. Co.*, 23 La. Ann. 219; *Overton v. American Cent. Ins. Co.*, 79 Mo. App. 1; *Johnson v. Dakota F. & M. Ins. Co.*, 1 N. D. 167, [45 N. W. 799]; *Monitor Mut. Fire Ins. Co. v. Buffum*, 115 Mass. 343; *Conner v. Manchester Assur. Co.*, 130 Fed. 743, [70 L. R. A. 106, 65 C. C. A. 127].)

"The fact that the deafness did not contribute to the injury is of no consequence. This is conceded by respondent.

"From what has been said as to the law concerning the assured's acceptance of a policy, plaintiff must be assumed to have known of the terms and conditions of the contract. From this it follows that the findings made upon a contrary theory are not supported by the evidence, and the judgment and order must be reversed, and it is so ordered."

Beatty, C. J., does not participate in the foregoing.