[Civ. No. 821.    Fourth Appellate District.—June 9, 1933.]

HARRY WEISS, Respondent, v. THE POLICY HOLDERS LIFE INSURANCE ASSOCIATION (a Corporation), Appellant.

Hugh Martin Young, Thomas W. Hughes and Charles D. Warner for Appellant.

W. O. Watters and Fred J. Rogers for Respondent.

CAMPBELL, J., *pro tem.*—This is an action to recover upon a benefit certificate issued by the defendant on the life of Theresa Weiss. Plaintiff had judgment from which the defendant appeals. The benefit certificate, dated February 18, 1930, and delivered to Mrs. Weiss, was admitted in evidence; also a copy of her application dated February 18, 1930, and proof of death of insured, dated the eleventh day of October, 1930. It is conceded by counsel that the signatures on the several documents are true and correct and that all assessments and dues required to be paid under the policy had been paid. Defendant, by its answer, sets up an affirmative defense based upon the provision set forth in the application for the certificate and the conditions thereto affixed, and particularly averred that the insured warranted the answers made by her in the application as to her health. Defendant further alleges that each of said statements were false and were known by the insured to be false. The trial court found in favor of the plaintiff on his complaint and found further: "That it is true that endorsed on the back of said policy of insurance, is a copy of the application for membership, signed by the said Theresa Weiss; that the said Theresa Weiss, at the time of the signing of said application, was an illiterate person, unable to either read or write. That said application was not read

by her or by anyone else for her benefit, prior to her signing the same. That said application was prepared and all answers and statements therein given, were entered thereon by the appointed, qualified and acting soliciting agent of defendant. That at the time said application was prepared, the following questions were therein contained, and the answers appearing thereafter were then inserted, to wit: "Q. Have you consulted a doctor for any illness or ailment during the past three years? Answer on reverse of this blank— No. Q. Are you now in good health? A. Yes. Q. Have you ever had tuberculosis? A. No. Q. Have you knowledge that any physical or mental disease exists in your system? A. No. That each and all of the answers given to said questions were not given by the said Theresa Weiss directly or indirectly, and none of said questions were asked of her by said agent or any other representative of defendant, and that said agent negligently failed and neglected, through no fault of the insured, to ask said questions, and without the assistance or knowledge of the insured, entered therein all of said answers thereto negligently. That the said Theresa Weiss was not familiar with the nature of said application and did not know the objects therefor, and never knew that said false statements had been entered in said application. That none of said questions were asked and none of said answers thereto given by the said Theresa Weiss, and at the time of the signing of said application, she did not know the nature of said questions or answers thereto given, and she never thereafter learned the nature of any of said questions or answers."

And the court further finds: "That it is true that on or about the twenty-sixth day of September, 1930, the said Theresa Weiss died from natural causes and not by suicide; that plaintiff made due proof of death of the said member to the defendant, and at the time of said death, the said Theresa Weiss was in good standing under the terms of said policy and she had paid all sums due thereunder by her; and that she made no false statements, misrepresentations or concealment of any material fact in the application for membership, and at the time of her death, there was a sufficient number of policyholders in good standing in defendant's association, to pay said sum of $1,500.00 upon said death."

■ There is no conflict in the testimony and it fully and completely supports the finding to the effect that the insured was unable to read; that the application was not read to her; that she was not asked any of the questions contained in the application as to her past or present condition of health; that all answers were written in the application by the agent of defendant and that the insured did not know the nature of the contents of such questions or answers; that the insured, prior to signing the application, was affected with a disease; that she was unaware of the nature of said ailment and had no knowledge that she was suffering from any illness and did not know that any of the questions and answers were in the application relating to the condition of her health.

This disposes of appellant's contention that the judgment was not supported by the findings of fact.

■ Appellant next contends that the written statements made by the deceased member in her application for membership in defendant association were warranties upon which the association had a right to rely, and a failure of the warranties invalidated the application and benefit certificate. The defendant association is a mutual benefit association organized under and by virtue of the provisions of sections 450–453 of the Civil Code. The purpose of its organization is as stated in the sections noted: ''Pay benefit to the nominee of a deceased member.'' Members can be received into the association under written application containing a brief questionnaire designed to elicit from the applicant true information as to the condition of the applicant's health and general physical condition, both past and present, as related to be on the date of the application. This application is an essential and vital part of the contract between the association and the member.

Appellant contends that the deceased, Theresa Weiss, warranted the Policy Holders Life Insurance Association that the statements and answers to specific questions made in her application for membership in the association were truthful, whereas they were untruthful declarations concerning the matters about which they were made. Appellant cites a number of cases tending to support its contention. However, the cases cited by appellant are not authorities in the case at bar, for the reason that in those

cases the fraud or negligence was on the part of the insured, or, if on the part of the agent, the insured was able to read and knew that the answers to the questions in the application were false. However, in the case at bar, the situation was reversed, and the fraud or negligence is not on the insured but it is on the part of the agent of appellant company, and the insurer is estopped from setting up a defense of fraud or negligence of its own agent. In *Pacific Employers Ins. Co.* v. *Arenbrust,* 85 Cal. App. 263, at p. 266 [259 Pac. 121, 122], the court says: "When the insured, in good faith, makes truthful answers to the questions contained in the application, but his answers, owing to the fraud, mistake or negligence of the agent filling out the application, are incorrectly transcribed, the company is estopped to assert their falsity as a defense to the policy. The acts of the agent, whether he is a general agent with power to issue policies, a soliciting agent, or merely the medical examiner for the company, are in these respects the acts of the company, and he cannot be regarded as the agent of the insured even though it is so stipulated in the application. (Citing cases.)" ■ If it could be successfully maintained that the erroneous answers to questions contained in the application became warranties, it was incumbent upon the appellant to show that, at the time the insured signed the application, she knew she was suffering from physical disease that existed in her system. In the case of *Chase* v. *Sunset Mutual Life Assn.,* 101 Cal. App. 625 [281 Pac. 1054, 1055], the court says: "The material and controlling findings of the trial court in this case are those in which it is found that the insured was not in possession of knowledge as to his condition such as would lead him to apprehend that his life or his health was seriously endangered. The evidence in the record is such as to justify the conclusion that up to and including the time he made the application for life insurance, he considered himself a hale, hearty man. . . . It appears that the heart affection might have existed for some period without the patient being aware of any serious condition. . . . While the unlikelihood of a patient in the condition the insured was in at the time of the operation, having reached that stage of the disease without becoming aware of some serious ailment, is apparent, it is purely a matter

of inference, as there is no direct evidence to support appellant's contention that the insured knowingly misrepresented his condition, or that the insurance company was misled by any conscious or intentional concealment on his part."

Appellant next contends that the court erred in granting a money judgment to the plaintiff, and claims that under the by-laws and benefit certificate, the beneficiary of the deceased, Theresa Weiss, was not entitled as of right to an absolute money judgment at law, but is entitled only to the pecuniary proceeds of an assessment levied in accordance with the terms of the by-laws upon the surviving members of the association, and cites a number of cases, the facts of which are foreign to the case at bar. In this case the contract between the parties was set forth in the certificate as follows: "This certificate is issued to Theresa Weiss by The Policy Holders Life Insurance Association, a corporation, hereinafter called the Association, subject to the following terms and conditions: . . . The full amount collected on each death assessment shall be placed in the Benefit Fund and can be used *only* in payment of death claims. The death assessments can only be made upon the death of a Policy Holder in good standing, and then only when death claims have reduced the amount in the Benefit Fund below the sum of one dollar for each member in good standing in the Association. . . . It is understood and agreed that should more than the amount necessary to pay a claim be collected from an assessment, the excess above the amount required to pay the death claim for which the assessment was made, shall remain in the Benefit Fund and there accumulate to be used in payment of further or other death claims for which no assessment shall be made." This provision provides for the general fund, which fund must first be resorted to before an assessment is possible. In the cases cited by appellant, there was no provision for a general benefit fund. The question as to whether or not there is anything in the fund available for payment of this death claim is peculiarly within the knowledge of the appellant. Under the pleadings in this case the question of assessment is not material.

Appellant, in its reply brief, raises another point to the effect that respondent is estopped, by reason of the

insured having received and retained the policy, from setting up the fraud or negligence of the agent who took the insured's application. The case at bar does not come within the strict rule of the authorities cited by appellant for the reason that the insured, being an illiterate person, could not read the English language. In *McGuire* v. *Hartford Fire Ins. Co.,* 7 App. Div. 575 [40 N. Y. Supp. 300], the court says: "We are unable to assent to it as a proposition of law, and much less as a principle of equity, that an insurance company may relieve itself from responsibility for the fraudulent representations of its agent by imposing upon a blind or illiterate person the obligation of seeing to it, at his peril, that the agent has fulfilled his duty to himself and to the company by making out the policy according to the terms and conditions agreed upon." When it is shown that the applicant is unable to read and write, the case does not come within the strict rule of *Layton* v. *New York Life Ins. Co.,* 55 Cal. App. 202 [202 Pac. 958], and other cases cited and relied upon by the appellant, for the rule does not compel the insured to do something which he cannot do.

For the reasons above stated, the judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 7, 1933.