[Civ. No. 13093.   Second Dist., Div. Two.   Oct. 14, 1941.]

MYRTLE R. HART, Respondent, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.

Walker, Adams, Duque & Smith, Henry Duque and Mark E. True for Appellant.

James C. Hollingsworth, Henderson & Churchill and E. Perry Churchill for Respondent.

MOORE, P. J.—Plaintiff commenced this action to recover on an insurance policy issued by defendant. Defendant filed its cross-complaint demanding rescission of the policy on the ground of fraud. Plaintiff recovered the sum of $500, the face amount of the policy. From the judgment defendant appeals.

The court found as facts that on October 10, 1938, one Beaty, a solicitor of defendant, called at plaintiff's home to solicit her to purchase a policy of insurance on the life of her daughter Laura Jene. Finally yielding to Beaty's entreaties plaintiff signed an application for a "Twenty Year Payment Life Weekly Premium Industrial Policy." In answering questions contained in the application, which were propounded to her by Beaty, plaintiff stated that her daughter had suffered from diabetes; that sugar had developed in her urine and that Laura Jene was then receiving medical treatment and that daily sugar tests demonstrated that at that time the daughter's condition was much improved; that she was gaining and was practically sugar-free; that Laura Jene had survived a case of scarletina; had suffered a tonsillectomy and had been treated in a hospital for a tooth extraction. The answers so given by plaintiff were all incorrectly entered in the application by Mr. Beaty as a result of which it was made to appear that Laura Jene's health was good; that she had suffered no illness; that she had not been confined in a hospital and that she had never suffered from diabetes.

Because of plaintiff's desire hastily to depart from her home, in full reliance upon the statement of Beaty that her answers were correctly reported, plaintiff signed the application without ascertaining that the information with respect to Laura Jene's health was incorrectly entered in the application. The document was thereupon forwarded to the home office of defendant. In due course the policy designating plaintiff as beneficiary was received by Beaty who delivered it to plaintiff.

Contrary to the custom of defendant, a copy of the application was not attached to the policy at the time of its delivery to plaintiff. September 29, 1939, Laura Jene departed this life as a result of a diabetic coma. Proof of death having been filed with defendant, payment of the policy was refused upon the hypothesis that plaintiff had fraudulently misstated her daughter's physical condition in making the application for the policy. Defendant demands a reversal of the judgment upon two grounds: (1) that recovery cannot be had upon a policy of insurance when issued in reliance upon false representations set forth in the application if the representation was material to the risk; (2) one who applies for insurance is presumed to have knowledge of the false statements contained in the copy of the application attached to the policy and cannot recover thereon, if the true facts have been communicated to the insurer. In support of both propositions defendant must rely solely upon its own assertion that the findings are not supported by the evidence.

With respect to the answers given by plaintiff to defendant's agent the evidence amply supports the court's findings. Plaintiff testified as follows: ''Beaty asked then to write the application . . . he wanted to know what had been her trouble . . . I told him about it . . . in the first place she had had a tooth pulled several months previous, and then she had a case of scarletina and then after that sugar developed in the urine . . . he wanted to know what her tests were at present . . . I told him they were practically clear . . . that she had much improved and that she was gaining and they were practically sugar free . . . she had had a tonsillectomy three years previously and we had almost lost her . . . but after she had gotten over that she had been well until the sugar turned up in the urine . . . he wanted to know how we knew . . . I said 'we had made tests.' In fact I was making tests then each day . . . the doctor had shown me how to make the tests.''

Neither was the evidence lacking in support of the findings that when the policy was delivered a copy of the application was not attached. Plaintiff testified that at the time Beaty brought the policy to her home it had no copy of the application ''on the inside''; that she placed it in a cupboard where it remained undisturbed until after the daughter's decease, and that upon its removal from the repository, no

copy of the application was annexed. That there was competent and persuasive testimony in conflict with the foregoing recitals was to be expected. Defenses to such actions invariably evoke sober, contradictory proofs in rebuttal. But upon conflicting evidence, the finding of the trial court must prevail. (*Foster* v. *Warren,* 39 Cal. App. (2d) 470 [103 Pac. (2d) 591].) Appellant's arguments and authorities in support of its contention that the trial court should have determined the facts otherwise have not been overlooked. Neither are we unmindful of the obligation imposed upon the plaintiff to read her policy and to take notice of its contents. (*Goldstone* v. *Columbia Life etc. Co.,* 33 Cal. App. 119 [164 Pac. 416]; *Madsen* v. *Maryland Casualty Co.,* 168 Cal. 204 [142 Pac. 51].) But in view of the finding that a copy of the application was not attached to the policy, it is of no avail now to convince this court that any amount of reading of it would have enlightened plaintiff as to the falsity of the contents of the application.

In view of the additional findings that plaintiff gave truthful answers to the questions asked her concerning the state of her daughter's health; that the answers contained in the application were erroneous in that they did not show the afflictions of Laura Jene; that the agent's representations to plaintiff that he had correctly transcribed her answers and that in reliance upon such representations plaintiff signed the application without reading it, no doubt is left that the judgment is abundantly supported. ■ When, by reason of fraud, mistake or negligence of a soliciting agent, the truthful answers of an insured given at the time of his application have been incorrectly entered by the agent in the form used for reporting the state of the health of the assured, the insurer is estopped to set up the falsity of such answers as a defense to an action on the policy. This is equally true whether the error be committed by the general agent or by a soliciting agent. In either event he is the agent of the insurer and not of the insured, notwithstanding the application might stipulate the contrary. (*Pacific Employers Ins. Co.* v. *Arenbrust, Farahan & Loran,* 85 Cal. App. 263, 266 [259 Pac. 121]; *Lyon* v. *United Moderns,* 148 Cal. 470 [83 Pac. 804, 113 Am. St. Rep. 291, 7 Ann. Cas. 672, 4 L. R. A. (N. S.) 247]; *Layton* v. *New York Life Ins. Co.,*

55 Cal. App. 202 [202 Pac. 958]; *Weiss* v. *Policy Holders'
Life Insur. Assn.,* 132 Cal. App. 532, 533 [23 Pac. (2d) 38].)

Plaintiff having been free from fraud in the procurement
of the policy, it is binding upon defendant.

The judgment is affirmed.

Wood, J., and McComb, J., concurred.