[Civ. No. 18610.   Second Dist., Div. Three.   Jan. 9, 1951.]

EDA L. BOGGIO, Respondent, v. CALIFORNIA-WESTERN STATES LIFE INSURANCE COMPANY (a Corporation), Appellant.

Benedict, Bowman & Stewart and Frank M. Benedict for Appellant.

William Katz for Respondent.

SHINN, P. J.—Eda L. Boggio brought this action to collect on a life insurance policy issued by defendant on the life of plaintiff's deceased husband. Defendant resisted the claim on the ground of alleged false statements made by the insured concerning his health. After trial to the court judgment was entered in favor of plaintiff for the face amount of the policy ($5,000) and defendant appeals.

On December 7, 1948, Robert Boggio signed an application for a life insurance policy to be issued by defendant. A year's premium was paid and the policy was issued December 17, 1948. Five months later Robert died as the result of a subarachnoid hemorrhage. Upon presentation of a claim by plaintiff, the insurer refused to pay and this action followed. Defendant's position is that the policy is void because of false answers made by the insured in the written application which was made a part of the insurance contract. In that application appears the following question: "Have you now or have you ever had . . . [listing specified diseases and injuries] or any other injury?" The answer given was "none." Like answer was given to another question about consultation with physicians during the 10 years prior to the application. These answers were literally false because Robert had suffered a blow on the head resulting in a subarachnoid hemorrhage in 1945 while in naval service and had been hospitalized for several weeks. Defendant claims there was material misrepresentation which voided the policy.

Relation of additional facts as found by the court is essential to explain the judgment. The insurance was sold by Louis P. Angelino who had been an agent of defendant for 25 years. Angelino had known the Boggio family for 12 years, had handled all their insurance needs, and they had faith and confidence in him. As a friend of the family he was fully acquainted with Robert's naval hospitalization. The application was entirely in the handwriting of Angelino— only the signature being written by Robert. When the application was being filled out Robert made full disclosure regarding the prior injury and treatment. Angelino then asked Boggio what kind of a discharge he had and when informed it was honorable, not medical, he said: "Well as long as you do not have a medical discharge they don't care about all this. As long as you have an honorable discharge and not a medical discharge you can sign this application." Boggio signed the application in good faith believing the representation by Angelino.

Defendant does not attack these findings; it claims only that the findings do not support the judgment. The question presented is whether a binding insurance contract arises when the application of the insured contains misstatements of fact occurring because a soliciting agent of the insurer wrongfully represents to the applicant that certain facts (which were fully disclosed to the agent) need not be included in the application and the application is signed in good faith by the applicant who relies on the agent's superior knowledge of insurance matters.

In attacking the insurance contract as void, defendant asserts that it was induced to enter into the contract by the representations as to Boggio's prior medical history. Defendant relies upon three well established propositions: (1) Misrepresentation as to material facts will void an insurance contract; (2) knowledge of the facts by a soliciting agent having limited authority will not relieve the assured from responsibility for his own omissions or misstatements in the application; (3) when the assured has the application in his possession he may not plead ignorance of misstatements therein. These propositions are affirmed in numerous cases cited by defendant but they do not reach the case which is made out by the findings. These were that the insured stated the facts fully to Angelino, and because of the latter's representation, believed he had given in the application answers which for the purposes in hand would be considered complete and truthful. He relied on the agent's superior knowledge of insurance affairs and in good faith signed the application as filled out by the agent. From these findings it appears that the misrepresentation upon which defendant relies occurred through the fraud or negligence of its agent and not through any fault of the insured.

To allow the insurer under these circumstances to place the responsibility upon the insured would not only be manifestly unjust but would allow it to profit by its own wrong. In such cases the courts have uniformly held the insurance company to be estopped to assert the defense of material misrepresentation. (*Hart* v. *Prudential Ins. Co.*, 47 Cal.App. 2d 298, 301 [117 P.2d 930]; *Byrd* v. *Mutual Benefit H. & A. Assn.*, 73 Cal.App.2d 457, 562 [166 P.2d 901]; *Lyon* v. *United Moderns*, 148 Cal. 470, 475 [83 P. 804, 113 Am.St.Rep. 291, 7 Ann.Cas. 672, 4 L.R.A.N.S. 247]; 45 C.J.S. 739.)

The courts have frequently quoted and accepted as the

rule of decision the statement of Mr. Cooley: "From an examination of the cases the following propositions may be regarded as established by the weight of authority: Where the insured, in good faith, makes truthful answers to the questions contained in the application, but his answers, owing to the fraud, mistake, or negligence of the agent filling out the application, are incorrectly transcribed, the company is estopped to assert their falsity as a defense to the policy." (Cooley's Briefs on Insurance, vol. 5, p. 4164 (2d ed. 1927).) Defendant apparently contends that the rule does not apply where in the application or the policy there is an express limitation of the authority of the agent to bind the company. But that limitation clearly cannot be given the effect of shielding the defendant company from the consequences of the misrepresentation, whether negligent or fraudulent, of Angelino which was, in effect, that the company drew a line, as to ex-service men, between service connected illness or disability which did and that which did not result in medical discharge. The court has found that Boggio believed and relied upon the representation, and this implies that in so doing he acted reasonably. We are bound by these factual conclusions. To deny liability of the insurer · in these circumstances would open the door to unrestrained fraud.

■ Defendant correctly states that when the insured has a copy of the application in his possession he is presumed to have read it, and to be aware of any misstatements therein even though they were not due to his own fault (citing *Telford* v. *New York Life Ins. Co.*, 9 Cal.2d 103, 107 [69 P.2d 835], *Layton* v. *New York Life Ins. Co.*, 55 Cal.App. 202, 203 [202 P. 958], and other cases). ■ The rule would not apply here to charge Boggio with knowledge he did not have when he signed the application unless he could have ascertained that his statements were false in the sense that they withheld information sought to be elicited by the questions contained in the application. This was not the case. He relied on Angelino's statement that the questions did not call for information as to the injury received in the service unless it had led to medical discharge. Having had the question interpreted for him in this manner, repeated reading of the questions and answers would not have led him to believe that his service injury was material. He knew at all times that his answers were literally untrue but not that they would be deemed untrue by the company in determining

whether he was an insurable risk. On the facts found the case was correctly decided.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied January 24, 1952, and appellant's petition for a hearing by the Supreme Court was denied March 6, 1952.