[Sac. No. 1171.   Department Two.—May 16, 1904.]

143   287
e148  667

RICHARD BASTIAN, Respondent, v. BRITISH AMERICAN ASSURANCE COMPANY, Appellant.

FIRE INSURANCE—BREACH OF CONDITION OF POLICY—KEEPING OF DYNAMITE.—The terms of a policy of fire insurance constitute the measure of the insurer's liability; and where the policy provided that it should be void if dynamite should be kept upon the premises, a breach of such condition will preclude a recovery upon the policy, although the dynamite kept in violation of the policy did not cause the fire.

APPEAL from a judgment of the Superior Court of Shasta County.   Charles M. Head, Judge.

The facts are stated in the opinion.

Van Ness & Redman, for Appellant.

The keeping of the dynamite upon the premises avoided the policy under its express terms, whether it caused the fire or not. The contract of insurance is the measure of the insurer's liability. (Ostrander on Fire Insurance, 2d ed., p.

702; *Cerf* v. *Home Ins. Co.,* 44 Cal. 320; *Wheeler* v. *Traders' Ins. Co.,* 62 N. H. 327, 450; *Sperry* v. *Springfield F. and M. Ins. Co.,* 26 Fed. 334; *Mead* v. *Northwestern Ins. Co.,* 7 N. Y. 530; *Westfall* v. *Hudson River Fire Ins. Co.,* 12 N. Y. 289; *Penn Fire Ins. Co.* v. *Faires,* 13 Tex. Civ. App. 111; 35 S. W. Rep. 55; *Trustees of Fire Assn. of Philadelphia* v. *Williamson,* 26 Pa. St. 196; *Commercial Ins. Co.* v. *Mehlman,* 48 Ill. 313; *Beer* v. *Forest City Mut. Ins. Co.,* 39 Ohio St. 109; *Badger* v. *Platts,* 68 N. H. 222; *Betcher* v. *Capital Fire Ins. Co.,* (Minn.) 80 N. W. Rep. 971; *Boyer* v. *Grand Rapids Fire Ins. Co.,* (Mich.) 83 N. W. Rep. 124.)

Sweeny & Sessions, for Respondent.

The mere temporary presence or occasional use of the prohibited article on the premises will not of itself avoid the policy, if it in no wise contributed to the company's risk. (*New England F. and M. Ins. Co.* v. *Wetmore,* 32 Ill. 221; *Williams* v. *Firemen's Fund Ins. Co.,* 54 N. Y. 569;[1] *Traders' Ins. Co.* v. *Race,* 142 Ill. 338; *Williams* v. *People's Firemen Ins. Co.,* 57 N. Y. 274; *Grant* v. *Lexington Fire etc. Co.,* 5 Ind. 23;[2] *Hynds* v. *Schenectady etc. Ins. Co.,* 11 N. Y. 554; *Merchants' etc. Ins. Co.* v. *Washington Mutual Ins. Co.,* 1 Handy, 408; *Mears* v. *Humboldt Fire Ins. Co.,* 92 Pa. St. 15.[3])

COOPER, C.—Action upon a policy of fire insurance. The case was tried before the court, findings filed, and judgment entered in favor of plaintiff. This appeal is from the judgment on a bill of exceptions. The policy covered a two-story frame lodging-house and the furniture therein. It was provided in the policy that it should be void "if (any usage or custom of trade or manufacture to the contrary notwithstanding) there be kept, used, or allowed on the above-described premises . . . dynamite."

The answer alleged that dynamite was kept and used upon the premises, contrary to and in violation of the terms and conditions of the policy. The court did not find upon the issue so tendered by the answer, but found that the fire which destroyed the property "was not caused by any of the articles mentioned in said policy of insurance as being prohibited

---

[1] 13 Am. Rep. 620.    [3] 37 Am. Rep. 647, and note.

[2] 61 Am. Dec. 74.

or forbidden to be used, or kept, or allowed upon the insured premises.'' The court evidently proceeded upon the theory that it was immaterial as to whether or not dynamite was kept or allowed upon the premises, unless it was made to appear that the fire which destroyed the property was caused by the dynamite. It seems to be admitted that at the time of the fire, and for several months prior thereto, there was kept upon the premises a stick and a half of dynamite; in fact, the position of plaintiff's counsel is in accord with that of the court below, and is thus stated: ''Counsel for appellant contend, that it is wholly immaterial what was the origin of the fire, or what caused the fire, or whether the dynamite in question had anything to do with the fire or not; that the dynamite was upon the premises during the life of the policy of insurance, and its mere presence there was sufficient in itself to render said policy null and void, regardless entirely of the question as to whether the dynamite had anything whatever to do with the fire, or in any manner contributed thereto or to the destruction of respondent's property. If counsel's position on the law be correct, then they must prevail in this court, because it is admitted that during the life of the policy of insurance issued to respondent by appellant on August 19, 1901, respondent had something like ten pounds of dynamite on the insured premises, all of which he had used in sinking a well, except a stick and a half which was in the cellar of his lodging-house at the time the fire occurred.''

We are of opinion that the court could not set aside and ignore the plain provisions of the contract of insurance. Defendant had the right to limit its liability by the terms of the contract it made with plaintiff. It agreed to insure the plaintiff's premises, but not in case the plaintiff kept or allowed dynamite thereon. It was expressly stated that if dynamite should be kept or used upon the premises, the policy should be void. There is no question here as to the condition having been waived by any acts or conduct of defendant. The condition was not made to depend upon the question as to whether or not the fire was caused by dynamite. If it were incumbent on the insurer in such case to prove that the fire was caused by dynamite being on the premises, it would render the clause in most cases of no effect. It would place the certain definite

stipulation in such a condition that in cases where the origin
of the fire was uncertain no effect could be given to it. Most
insurance policies contain stipulations that the policy shall
become void if the premises are allowed to remain vacant
for a certain time, or if the risk is increased by the erection
of buildings of a certain character near to the insured prem-
ises, yet it has never been held that it is incumbent on the
insurance company to prove that the fire was caused by reason
of such vacancy or such adjoining buildings. Contracts of
insurance are contracts of indemnity upon the terms and con-
ditions specified in the policy or policies. For a considera-
tion the insurer undertakes to guarantee the insured against
loss or damage upon the terms and conditions agreed upon,
and upon no other, and when called upon to pay the insurer
may justly rely and insist upon the terms and conditions of the
policy. If the insured cannot bring himself within the terms
and conditions of the policy, he cannot recover. The terms
of the policy constitute the measure of the insurer's liability.
If it appears that the contract has been violated, and thus
terminated by the assured, he cannot recover. He seeks to
recover by reason of a contract, and he must show that he
has complied with such contract on his part. It may be that
the terms and conditions are such that the contract is most
favorable to the insurer, but this is not for the courts. If the
conditions are uncertain, or contradictory, or ambiguous, the
courts will construe a doubtful provision in favor of the
insured, but this rule does not go to the extent of disregarding
a plain provision of the policy. If the parties have made
certain terms and conditions upon the terms of which their
contract shall continue or terminate, they must abide by
them. The terms of an insurance policy, like any other con-
tract, are to be taken in their plain, ordinary, and popular
sense. In such case it is the duty of the court to enforce them
like other contracts, and not to speculate as to the hardship
or injustice of their provisions. In this case the parties plainly
agreed that the policy should be void, if the insured kept
dynamite on the premises. He kept dynamite on the prem-
ises, and it was there at the time of the fire,—it is true, not
in a large quantity, but the policy did not allow it in any
quantity. An explosion was heard about the time or shortly
after the fire started. Whether the explosion caused the fire

or occurred after the fire had been started from other causes is wholly immaterial. The explosion may have rendered it much more difficult to control or extinguish the fire. It is said in Ostrander on Fire Insurance (2d ed., seĉ. 327): "The insurance policy in most cases prohibits the keeping or storing of such explosive substances as gunpowder, dynamite, nitroglycerine, and saltpeter, and the courts have held without exception that when these things are kept on the premises insured, in violation of the terms of the policy, the insuring company will not be liable."

Where a policy contained a clause that it should be void if any burning fluid or chemical oils were used, it was held that the use of kerosene oil on the premises rendered the policy void. (*Cerf* v. *Home Ins. Co.*, 44 Cal. 320.[1]) So where the policy insured a building "while occupied as a dwelling-house" it was held that if the premises ceased to be used as a dwelling-house, but were occupied as a disreputable bawdy-house, it would cause the policy to become void. (*Allen* v. *Home Ins. Co.*, 133 Cal. 29.) It was there said: "The policy was a contract to pay only in case of loss of the insured premises while occupied as a dwelling-house. The liability was limited by the terms of the contract, and such limitations are held valid. It is the business of the insured, and the burden is upon him, to see that the premises are not used in such manner as to make void the policy. The insurer is at liberty to select the character of risk he will assume, and he is not liable except upon proof that the loss occurred within the terms of the policy."

The rule is laid down in the Civil Code (sec. 2611): "A policy may declare that a violation of specified provisions thereof shall avoid it, otherwise the breach of an immaterial provision does not avoid the policy." (See, also, *Slinkard* v. *Manchester etc. Co.*, 122 Cal. 595.)

The above propositions are supported by all of the well-considered cases. (*Mead* v. *Northwestern Ins. Co.*, 7 N. Y. 530; *Westfall* v. *Hudson River Fire Ins. Co.*, 12 N. Y. 289; *Wheeler* v. *Trader's Ins. Co.*, 62 N. H. 327; *Wheeler* v. *Trader's Ins. Co.*, 62 N. H. 450;[2] *Imperial Fire Ins. Co.* v. *Coos County*, 151 U. S. 452; *Trustees of Fire Assn. of Philadelphia* v. *Williamson*, 26 Pa. St. 196; *Commercial Ins. Co.*

---

[1] 13 Am. Rep. 165.                    [2] 13 Am. St. Rep. 582.

v. *Mehlman,.*48 Ill. 313 ;[1] *Boyer* v. *Grand Rapids Fire Ins. Co.,*
124 Mich. 455.[2]

We advise that the judgment be reversed.

Chipman, C., and Harrison, C., concurred.

For the reasons given in the foregoing opinion the judg-
ment appealed from is reversed.

McFarland, J., Lorigan, J., Henshaw, J.

[1] 95 Am. Dec. 543.        [2] 83 Am. St. Rep. 338.