MAHON v. ROYAL UNION MUT. LIFE INS. CO. OF DES MOINES, IOWA.

(Circuit Court of Appeals, Third Circuit.  January 23, 1905.)

No. 41.

INSURANCE—ISSUANCE OF POLICY—FRAUD.

  Decedent's application for insurance in the E. Company having been declined, such company's agents applied to defendant's agent for a policy on decedent's life, and were furnished with an application, which they filled up and signed without notice to or authority from deceased, and procured the physician to copy therein the medical examination and certificate which he had previously made on the rejected application, whereupon such agents delivered the application to defendant's agent, who had no notice of the manner in which it was prepared, on which defendant issued a policy, which was delivered to deceased's wife, who paid therefor, believing it to be the policy applied for in the E. Company. *Held*, that the E. Company's agents in such transaction acted simply as brokers, and not as defendant's agents, and that defendant was therefore not liable on the policy.

In Error to the Circuit Court of the United States for the Middle District of Pennsylvania.

J. W. Gillespie and Geo. B. Reimensnyder, for plaintiff in error.

W. H. M. Oram, for defendant in error.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

ACHESON, Circuit Judge.  This was an action by Kate L. Mahon against the Royal Union Mutual Life Insurance Company of Des Moines, Iowa, upon a policy of insurance dated December 12, 1901, on the life of Peter A. Mahon, for the sum of $5,000, payable to the wife of the insured, Kate L. Mahon, the plaintiff.  At the close of the trial, after all the evidence was in, the court below gave a positive direction to the jury to render a verdict for the defendant, which was done, and subsequently judgment was entered for the defendant on the verdict.  The plaintiff excepted to the instruction of the court that the jury find for the defendant, and this instruction is the subject of an assignment of error.  We will, in the first instance, consider this assignment, for, if the peremptory instruction to the jury to render a verdict in favor of defendant was right, the other assignments become immaterial and need not be considered.

The case is an extraordinary one.  It appears from the evidence on the part of the plaintiff that neither her husband (Peter A. Mahon) nor the plaintiff herself intended to insure his life in the defendant company, and that neither of them at the time knew that an application to that company was made, or a policy was issued by it.  The plaintiff testified that, acting on behalf of her husband, she signed an application to the Equitable Life Insurance Company of Iowa for insurance in that company for $5,000 on his life, and that when Mr. Latham, the local agent of the last-named company, delivered to her the policy in suit, and she gave him her check for the premium, she believed it was the policy of the Equitable Life Insurance Company, and did not discover it was the policy of the

defendant company until five or six months afterwards—about the time her husband died. Other evidence on the part of the plaintiff disclosed the following facts: H. Chauncey Clark was the general agent at Philadelphia of the Equitable Life Insurance Company of Iowa, and Charles Latham was the local agent of that company at Shamokin, Pa., where the Mahons lived. Through these agents the application was made on or about December 6, 1901, to the Equitable Life Insurance Company, for $5,000 insurance on the life of Mahon; but the application was declined by letter addressed to Clark for the assigned reason that the company was already carrying as much insurance on Mahon's life as it cared to do. Clark then asked Charles W. McCue, Jr., the general agent at Philadelphia of the Royal Union Mutual Life Insurance Company (the defendant company), whether his company would issue a policy on Mahon's life for $5,000. McCue gave Clark a blank application of the defendant company. This blank application Clark himself filled up by copying from an application which Mahon had made about a year before to the Equitable Life Insurance Company. He then sent to Latham the application thus filled in, and which had on it what purported to be the signature of Peter A. Mahon, and also his purported signature on the attached blank medical certificate, with instruction to Latham to have Dr. Dreher fill up the medical certificate by copying therein the contents of the medical certificate, then about a year old, which was attached to the old application to the Equitable Company. This instruction was carried out by Latham, and the medical certificate was thus filled up by Dr. Dreher, and was signed by him. Dr. Dreher made no examination of Mahon. Mahon did not sign either the application to the defendant company or the attached medical certificate. Latham returned the application and medical certificate to Clark, who handed them to McCue. The defendant company accepted the application, and sent its policy in suit to McCue, who, by direction of Clark transmitted it to Latham for delivery. Latham delivered the policy to Mrs. Mahon, and sent her check for the premium to Clark, who settled with McCue for the premium due the defendant company.

Upon the evidence upon the part of the plaintiff it is plain that a valid contract of insurance upon the life of Peter A. Mahon was not entered into by the defendant company. Neither Mahon nor his wife intended to insure his life in the defendant company, and they made no application to it. The application they made was to the Equitable Life Insurance Company; and, according to the plaintiff's testimony, when the policy in suit was delivered to her, it was received as the policy of the Equitable Company. Mahon did not sign the application to the defendant company nor the attached medical certificate, and he did not authorize any one to sign his name to either of these papers. The defendant company was induced to issue its policy in suit by means of a deception practiced upon it. The application for the policy and the accompanying medical certificate were fabricated. Assuming the good faith of Mr. and Mrs. Mahon, still it must be said that those who undertook

to act for them in procuring this policy of insurance perpetrated upon the defendant company a fraud, which precludes a recovery.

It is, indeed, earnestly contended on behalf of the plaintiff in error that the defendant company is estopped from denying its liability for the reason that the fraud was perpetrated solely by its own agents, without the participation of the insured or his beneficiary. But this argument rests upon false premises. The proposition urged is without any support in the evidence. No agent of the defendant company was concerned in the fraud. The proof is that neither Clark nor Latham was agent of the defendant company. It is shown that in soliciting the insurance Clark acted as a mere broker for the person to be insured. The evidence entirely fails to show that McCue was a party to the fraud, or cognizant of it. The evidence is quite convincing that McCue was ignorant of, and had no reason to suspect, the manner in which the application and medical certificate were prepared and executed.

Under the uncontradicted evidence the court was right in giving a binding instruction in favor of the defendant, and accordingly its judgment is affirmed.