(165 App. Div. 660)

REED v. ST. PAUL FIRE & MARINE INS. CO.    (No. 319–57.)

(Supreme Court, Appellate Division, Third Department.    January 15, 1915.)

INSURANCE (§ 325*)—AVOIDANCE FOR MISREPRESENTATION—MODEL OF AUTOMOBILE.

Under a policy upon an automobile, providing that it should be void if the insured concealed or misrepresented any material facts concerning the subject of the insurance, insured's statement, embodied in the policy, that the automobile was a Premier 40 H. P. four-cylinder touring car built in 1910, when in fact it was a 24 H. P. car developing 29 H. P., built in 1906, was a misrepresentation of a material fact, avoiding the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 750; Dec. Dig. § 325.*]

Lyon, J., dissenting.

Appeal from Trial Term, Albany County.

Action by Charles Reed against the St. Paul Fire & Marine Insurance Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Tipple & Plitt, of New York City (Wilson E. Tipple, of New York City, of counsel), for appellant.

William A. Glenn, of Albany (Michael D. Reilly, of Albany, of counsel), for respondent.

SMITH, P. J.    This action was brought to recover the amount of a policy of $500, issued by the defendant in October, 1912, upon an automobile which was destroyed by fire.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The policy contained the following clause:

"This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof."

The statement made to the agents of the defendant, and embodied in the policy, was that the automobile was a No. 877 Premier, 40 horse power, four-cylinder touring car, built in 1910. In fact it was a 24 horse power car, capable of developing 29 horse power, and built in 1906.

The misrepresentation that the car was a 1910 model, while it was in fact a 1906 model, was clearly a misrepresentation of a material fact. It is impossible for insurance agents to ascertain the condition of the car from its outside appearance. The condition largely depends upon the wearing of the gears, which are concealed within metal-bound cases. It also largely depends upon the year of the manufacture, as it is a matter of common knowledge that in the manufacture of automobiles changes are made from year to year to remedy defects that are found to exist, and to add to the conveniences and safety in the use of the car, as are shown to be important through experience. It is matter of common knowledge that in 1912 a 1910 Premier was of a value greatly in excess of that of a 1906 Premier of the same model. So that there was a clear misrepresentation of a material fact, which as matter of law vitiates the defendant's contract.

The judgment should therefore be reversed, and a new trial granted. All concur, except LYON, J., who dissents.

Judgment reversed, and new trial granted, with costs to appellant to abide event.