[L. A. No. 3844.   Department One.—September 15, 1917.]

## N. R. SOLOMON, Respondent, v. FEDERAL INSURANCE COMPANY, Appellant.

FIRE INSURANCE—VALUED POLICY ON AUTOMOBILE—BREACH OF WARRANTY BY INSURED—MISREPRESENTATION OF YEAR OF MANUFACTURE.—Describing an automobile as having been made in 1909 when in fact it was made in 1907 is such a material misdescription as to constitute a breach of the express warranty provided for by section 2607 of the Civil Code of California, and avoids a valued policy of insurance.

ID.—MATERIALITY OF REPRESENTATION — MISSTATEMENT OF PURCHASE PRICE OF AUTOMOBILE.—The purchase price of a second-hand automobile is particularly important in a valued policy, and where the application stated that the insured paid three thousand five hundred dollars for it when in fact he paid only one thousand five hundred dollars and some merchandise, which brought the cost up to two thousand five hundred dollars, no question of mistake is involved, and the misrepresentation is a breach of warranty avoiding the policy.

ID.—MISREPRESENTATION AS TO COST OF PROPERTY INSURED—FINDING THAT VALUE OF PROPERTY EQUALED INSURANCE—EFFECT NOT CURED.—Under section 2565 of the Civil Code, materiality is to be determined not by the event, but solely by the probable and reasonable influence of the facts upon the party to whom the communication is due, in forming his estimate of the disadvantages of the proposed contract or in making his inquiries, and therefore where the application for insurance stated that a car insured for three thousand dollars stated that it was built in 1907 and that the insured paid three thousand five hundred dollars for it, while in fact it was built in 1909 and the insured paid for it only one thousand five hundred dollars and some merchandise, which brought the cost up to two thousand five hundred dollars, the effect of the misrepresentation was not cured by a finding that the car was worth three thousand dollars, the amount for which it was insured.

Id.—Representations by Agent—Insured Responsible When Agent Does Not Represent Insurance Company.—Where an agent requests insurance from a company which he does not represent, he is acting for the insured, who is responsible for misrepresentations in the application.

Id.—Soliciting Agent of Insurer—Insured, When Responsible for Representation in Application.—The insured is responsible for misrepresentations in an application drawn by a regular soliciting agent of the insurance company where such agent has no authority to waive the provision in the policy avoiding same for misrepresentation of any material fact.

APPEAL from a judgment of the Superior Court of Kern County. J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

McCutcheon, Olney & Willard, and J. M. Mannon, Jr., for Appellant.

Geo. E. Whitaker, for Respondent.

LAWLOR, J.—This is an action to recover three thousand dollars upon a valued fire insurance policy upon plaintiff's automobile. From a judgment for plaintiff, defendant appeals.

Appellant's contention is twofold: First, that the automobile for the loss of which plaintiff brought suit does not answer the description in the policy, thus constituting a breach of warranty and preventing the risk from attaching; second, that it issued the policy on the strength of certain statements in the application for insurance which are untrue, and therefore relieve the defendant from liability.

It appears that in October, 1910, plaintiff resided in Bakersfield and was the owner of a four-cylinder, forty horse-power Pierce-Arrow automobile manufacutered in 1907; that one Otis Bishop was at that time manager of the insurance department of the Bakersfield Abstract Company; that in October, 1910, plaintiff made oral application to Bishop for insurance upon his automobile, asking for a valued policy in the sum of three thousand five hundred dollars, properly describing the car as to horse-power, number of cylinders, and year of manufacture; that Bishop turned this information over to his San Francisco correspondents, Gordon & Hoadley,

with the request that they secure the insurance, but not mentioning any particular company; that Gordon & Hoadley made out a formal application which described the car as a 1909 Pierce-Arrow of forty-five horse-power, and stated that plaintiff had purchased the car second-hand for three thousand five hundred dollars; that Gordon & Hoadley were general agents for several insurance companies but did not represent defendant, Federal Insurance Company, with which they filed the application in this case, nor had they ever had any dealings with defendant before or after this particular transaction; that defendant, acting upon the application, issued a valued policy in the sum of three thousand five hundred dollars; that said policy described the car as a Pierce-Arrow, six-cylinder, forty-eight horse-power automobile; that plaintiff duly paid the premium, out of which Bishop and Gordon & Hoadley retained the usual brokers' commissions; that in October, 1911, upon the notification of Bishop that the policy was about to expire, Gordon & Hoadley secured a renewal for another year for the reduced sum of three thousand dollars; that before plaintiff had paid the premium upon the new policy the car was destroyed by fire, and thereafter defendant refused to accept the premium, disclaiming liability on the ground that the car destroyed did not correspond with the one described in the policy. It is upon this renewed policy that plaintiff brought suit and recovered judgment.

Taking up the first point made by appellant, the question arises whether the misdescription of the automobile in the policy amounts to a breach of warranty such as will relieve the insurer. Our Civil Code (section 2607) provides that "A statement in a policy, of a matter relating to the person or thing insured, or to the risk, as a fact, is an express warranty thereof," and that (section 2612) "A breach of warranty, without fraud, merely exonerates an insurer from the time that it occurs, or where it is broken in its inception prevents the policy from attaching to the risk." The effect of this section is limited by section 2610: "The violation of a material warranty, or other material provision of a policy, on the part of either party thereto, entitles the other to rescind." But section 2611 goes on to say that "A policy may declare that a violation of specified provisions thereof shall avoid it, otherwise the breach of an immaterial provision does not

avoid the policy.'' The policy contains the following clause: ''In the event of any violation of any warranty hereunder this policy shall immediately become null and void.'' If the misdescription of the automobile amounts to a breach of warranty, this clause in the policy, taken in connection with section 2611 of the Civil Code, precludes any consideration of the materiality of the breach. (See *Fountain* v. *Connecticut Fire Ins. Co.,* 158 Cal. 760, 764, [112 Pac. 546] ; *Bastian* v. *British American etc. Ins. Co.,* 143 Cal. 287, 291, [66 L. R. A. 255, 77 Pac. 63]. See, also, *Victoria S. S. Co.* v. *Western Assur. Co.,* 167 Cal. 348, 357, [139 Pac. 807].)

The only question under this head is whether, in describing an automobile for insurance purposes in a valued policy, the year of manufacture is such a material part of the description that a misstatement in this particular constitutes a breach of the warranty that the thing insured has been properly described. There was no dispute on the point that, other things being equal, a car two years older has a lesser value. This becomes particularly important in a valued policy, where the insurance company agrees in advance that the property insured is worth the amount for which it is insured, in this case three thousand dollars. (Civ. Code, sec. 2756.) Such a valued policy was under consideration in *Harris* v. *St. Paul Fire & Marine Ins. Co.,* 126 N. Y. Supp. 118, where a 1906 automobile had been described as a 1907 model. The court there said: ''It is perfectly clear that a used car, constructed in 1906, and insured in November, 1909, is not of the same insurable value as a car constructed in 1907, and the statement of the plaintiff that the car was of the 1907 model was a material representation, upon which the defendant had a right to rely, in issuing a valued policy in the sum of two thousand dollars.'' To the same effect are *Reed* v. *St. Paul Fire & Marine Ins. Co.,* 165 App. Div. 660, [151 N. Y. Supp. 274], and *Smith* v. *American Automobile Ins. Co.,* 188 Mo. App. 297, [175 S. W. 113, 114]. In the latter case the court said: ''It would seem to be in accord with common knowledge that a five year old automobile would be less valuable than, and not so safe a risk as, one two years old, and that the effect of wear and tear would be more likely to manifest themselves in the older car. If the fact that the car is five years old instead of two is not material to the risk, we cannot well see

what would be.'' In the case at bar no testimony was introduced to show the effect of age upon the risk of loss by fire, although in *Smith* v. *American Automobile Ins. Co., supra,* ''It was also shown in evidence . . . that as cars grow older the chances of self-ignition increase on account of the wear and vibration whereby the quantity of gasoline used is greater and fire is more apt to occur.''

Respondent does not deny that the description of his automobile in the policy as a 1909 model is in accordance with the statement in the application made out by Gordon & Hoadley, but relies upon the showing made at the trial that appellant had itself supplemented the description in the application by adding that the car had six cylinders and forty-eight horsepower. It is not at all clear that the insured, after retaining the policy for a year, can then insist that a misdescription of the thing insured, sufficient to constitute a breach of warranty, was the act of the insurance company and entirely unknown to the insured. (See *Madsen* v. *Maryland Casualty Co.,* 168 Cal. 204, 206, [142 Pac. 51], and cases there cited.) We do not, however, pass upon this point, since it is clear that to describe an automobile in a valued policy as having been made in 1909 when in fact it was made in 1907 is such a material misdescription of the thing insured as to constitute a breach of the express warranty provided for in section 2607 of the Civil Code.

The second point made by appellant is that the policy was issued under mistakes of fact caused by respondent's misrepresentations in the application concerning the year in which the car was built and the amount paid therefor. The application for the policy stated that the car was built in 1909 and that plaintiff paid therefor three thousand five hundred dollars. In fact, the car was built in the year 1907 and the plaintiff paid one thousand five hundred dollars for it and some merchandise, which, he testified, made the car cost him two thousand five hundred dollars. Respondent contends that these misrepresentations are immaterial, in view of the finding that the car was worth three thousand dollars, the amount for which it was insured. But according to section 2565 of the Civil Code, ''Materiality is to be determined not by the event, but solely by the probable and reasonable influence of the facts upon the party to whom the communication is due, in forming his estimate of the disadvantages of

the proposed contract, or in making his inquiries.'' (See *McEwen* v. *New York Life Ins. Co.*, 23 Cal. App. 694, 697, [139 Pac. 242] ; *Columbian Ins. Co.* v. *Lawrence*, 10 Pet. (U. S.) 507, 515, [9 L. Ed. 512].) Such a test of materiality makes the purchase price of a second-hand automobile particularly important in a valued policy, as it must be manifest that an insurance company will not agree to pay three thousand dollars for the loss of an automobile which cost the insured but two thousand five hundred dollars. This is not a case of overestimating the value of the thing insured, which in an open policy is not necessarily fatal; here we have the statement of a fact, the price the insured paid for his car. No question of mistaken opinion is involved. Where a valued policy is issued upon the basis of the application alone, as in this case, it is difficult, to see what could be more important to the insurer in determining the amount of the policy than positive statements of the year in which the car was built and the price paid for it by the insured.

Respondent seeks to avoid the effect of this conclusion by insisting that the misstatements as to purchase price and year of manufacture appearing in the application were not made by him, but were made by Gordon & Hoadley, whom the court found to be agents of the Federal Insurance Company. But this finding is not sustained by the evidence. As already indicated, the evidence shows that Gordon & Hoadley were not the regular agents of appellant, that they had never represented appellant before or since, and that this particular transaction was the only one in which Gordon & Hoadley and appellant ever had any dealings. Moreover, it was established that Bishop represented the plaintiff, and that Gordon & Hoadley were Bishop's San Francisco correspondents, who made out the application solely at his request, and that appellant knew nothing of the entire transaction until the application was placed in its hands by Gordon & Hoadley. It is well settled that where, in circumstances such as are presented here, an insurance agent requests insurance from a company which he does not represent, he is acting for the insured, who is responsible for misrepresentations in the application made out by the broker. (*Parrish* v. *Rosebud M. & M. Co.*, 140 Cal. 635, 645, [74 Pac. 312] ; *Mahon* v. *Royal Union Mut. Life Ins. Co.*, 134 Fed. 732, [67 C. C. A. 636] ; *McGraw Woodenware Co.* v. *German Fire Ins. Co.*, 126 La. 32,

[20 Ann. Cas. 1229, 38 L. R. A. (N. S.) 614, 52 South. 183],
and cases cited.)    The law in this state goes further and holds
the insured responsible for misrepresentations in the applica-
tion when it is drawn by a regular soliciting agent of the in-
surance company where, as in the policy here, such an agent
has no authority to waive the provision contained therein that
the policy is to be avoided if any misrepresentation has been
made concerning a material fact.    (*Elliott* v. *Frankfort Ma-
rine etc. Ins. Co.,* 172 Cal. 261, [L. R. A. 1916F, 1026, 156
Pac. 481] ; *Madsen* v. *Maryland Casualty Co.,* 168 Cal. 204,
[142 Pac. 51] ; *Sharman* v. *Continental Ins. Co.,* 167 Cal. 117,
125, [52 L. R. A. (N. S.) 670, 138 Pac. 708] ; *Iverson* v. *Met-
ropolitan Life Ins. Co.,* 151 Cal. 746, 749, [13 L. R. A. (N. S.)
866, 91 Pac. 609].)

It does not alter the case that Gordon & Hoadley retained
a commission for placing the insurance.    Bishop, who admit-
tedly was not appellant's agent, also shared in the commis-
sion, and it conclusively appeared at the trial that all inde-
pendent brokers in San Francisco receive similar commissions.
This does not constitute the broker an agent of the insurance
company.    (*United Firemen's Ins. Co.* v. *Thomas,* 92 Fed.
127, [47 L. R. A. 450, 34 C. C. A. 240] ; *McGraw Woodenware
Co.* v. *German Fire Ins. Co.,* 126 La. 32, [20 Ann. Cas. 1229,
38 L. R. A. (N. S.) 614, 52 South. 183].)    Nor does it mat-
ter that the misrepresentations were made in securing the
original policy, of which the one in suit is a renewal, for the
latter was issued upon the original application wherein the
misrepresentations appeared.    (*McKibban* v. *Des Moines Ins.
Co.,* 114 Iowa, 41, [86 N. W. 38] ; 2 Clement on Fire Insur-
ance, 518.)

Judgment reversed.

Shaw, J., and Sloss, J., concurred.

Hearing in Bank denied.