JOSEPH SAGLINENI, Plaintiff, *v.* MERRIMACK MUTUAL FIRE INSURANCE COMPANY, a Foreign Corporation, Defendant.

Supreme Court, Schenectady County, May 4, 1928.

Insurance — automobile fire and theft insurance — plaintiff misrepresented year, model and general description of automobile — plaintiff cannot recover.

This is an action to recover on a policy of automobile fire and theft insurance and is based on the theft of the automobile.   Plaintiff cannot recover since the evidence shows that he misrepresented the year, model and general description of the automobile insured.

ACTION on policy of fire and theft insurance covering second-hand automobile.

*McMullen & Ward,* for the plaintiff.

*Ainsworth, Sullivan & Archibald* [*Nelson R. Pirnie* of counsel], for the defendant.

HEFFERNAN, J.   This is an action by plaintiff to recover the sum of $800 on a policy of fire and theft insurance issued by defendant on December 3, 1926, covering a second-hand automobile stolen on December twenty-eighth of the same year.   The answer, in addition to specific denials, contains several separate defenses.   By agreement of counsel, however, the parties have stipulated to have the case determined on the single issue as to whether or not there was a breach of warranty by plaintiff as to the year, model and general description of the car.

In his application for the insurance it is conceded that plaintiff warranted the automobile as a 1925 Buick sedan, motor

No. 1204080, serial No. 1283300. The proof shows that plaintiff never owned a Buick automobile of the age, type or numbers described in the insurance policy. It is also undisputed that the cars manufactured by the Buick Motor Company contain different and consecutive motor and frame numbers. The evidence shows that in the year 1924 the Buick Motor Company assembled model 28, standard coupe, containing the same motor number described in the policy and that this motor number was not assembled with the frame number stated in such policy, and that in fact the frame number of the car bearing this motor number was 1168276; that this car was shipped to Greenfield, Mass., and sold to a resident of that place who still is the owner. It also appears that the frame number given by plaintiff as the number of his automobile was assembled with a motor bearing 1313683, being a 1925 model 5, touring car, and that this car was shipped to a Buick agency in Texas and sold to a resident of that State who still has it in his possession. The plaintiff has failed to give any evidence whatsoever touching the prior history of his car.

It is obvious that the car in question was earlier than a 1925 model. It is quite significant to me that plaintiff made no attempt to contradict defendant's evidence in this respect. The misrepresentation that the car was a 1925 model bearing the motor and serial numbers stated was clearly a misrepresentation of a material fact. (*Reed* v. *St. Paul Fire & Marine Insurance Co.,* 165 App. Div. 660.) By its policy defendant agreed to insure a certain automobile which the plaintiff described and warranted. Defendant relied on the warranties as it had the right to do. Such a car plaintiff never owned and the car actually insured did not correspond with plaintiff's representations. The car which plaintiff owned and which he caused to be insured evidently was stolen property. It is a matter of common knowledge that there is a material difference in value between a 1924 model with an equivocal history and one purchased from a legitimate dealer bearing the manufacturer's correct numbers.

In my opinion the contract is void because of the misrepresentations of a material fact and defendant is entitled to judgment dismissing the complaint.