**WASHINGTON INTERNATIONAL INSURANCE COMPANY,**
Plaintiff,

v.

**Antonio MELLONE, Defendant.**

**No. CV–89–1806–RSWL.**

United States District Court,
C.D. California.

Oct. 16, 1990.

---

John E. Lenker, Meadows, Smith, Lenker, Sterling & Davis, Long Beach, Cal., for plaintiff.

## ORDER

LEW, District Judge.

Plaintiff in the above captioned action has moved for summary judgment. Defendant timely opposed the motion. The matter was set for oral argument on September 17, 1990 at 9:00 a.m. After review of the papers filed, the Court determined that all of the issues had been adequately briefed and removed the matter from the Court's law and motion calendar pursuant to Fed.R.Civ.P. 78. Now having again reviewed all of the papers filed in support of and in opposition to the motion, the Court hereby issues the following order:

Plaintiff's motion for summary judgment is GRANTED. Plaintiff's request for costs and attorney fees is DENIED.

### Background

On July 27, 1988, Defendant and his partner Hank Heeber purchase the yacht, PRINCESS TWO, at a U.S. Marshal's auction for $100,000. Defendant, through C.A.L. Pacific Insurance Services ("C.A.L."), applied to Plaintiff for a policy of marine insurance covering PRINCESS TWO. The application for insurance was signed by Defendant in August 1988 and was submitted by C.A.L. to Continental Associates ("Continental") licensed insurance brokers and then to Plaintiff. Plaintiff issued Defendant an insurance policy against loss of or damage to the yacht PRINCESS TWO in August 1988.

In December 1988, PRINCESS TWO partially sank in its slip. Defendant notified Plaintiff of the loss. Plaintiff denies liability under the policy, alleging that Defendant misrepresented or failed to disclose various facts material to the risk connected with insuring PRINCESS TWO. Plaintiff has brought this action in admiralty seeking to rescind the policy or, in the alternative, for declaratory judgment that Plaintiff is not liable under the policy.

### Standard for Summary Judgment

Summary judgment is appropriate when there is no genuine issue of material fact

and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. The party moving for summary judgment bears the initial responsibility of identifying the absence of a genuine material issue of fact. *Celotex v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The evidence is to be viewed in the light most favorable to the nonmovant, with all justifiable inferences drawn in his favor. *Anderson v. Liberty Lobby,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986).

### Nondisclosure Material to the Risk/Intentional Misrepresentation

Plaintiff contends that Defendant failed to disclose facts material to the risk and/or made intentional misrepresentations regarding the purchase price, value, condition, intended use, and ownership of PRINCESS TWO, and each of these nondisclosures is independently sufficient to entitle Plaintiff to rescission.

■ California law "recognizes that the duty of an assured under a marine insurance contract is different than it is under other types of insurance." *Reliance Ins. Co. v. McGrath,* 671 F.Supp. 669, 678 (N.D.Cal.1987). Section 1900 of the California Insurance Code defines the duty to disclose as follows:

> In marine insurance each party is bound to communicate, in addition to what is required in the case of other insurance: (a) All the information which he possesses and which is material to the risk, except such as is exempt from such communication in the case of other insurance. (b) The exact and whole truth in relation to all matters that he represents or, upon inquiry assumes to disclose.

The standard for disclosure "is an objective one: whether a reasonable person in the insured's position would know that the particular fact is material." *Hartford Ins. Co. v. Garvey,* 1989 A.M.C. 652, 659 (N.D.Cal. 1988) (citations omitted). A marine insurance applicant is under a duty to disclose in "uttermost good faith." *McGrath,* 671 F.Supp. at 678. The insured "is bound, even if not asked, to reveal every fact within his/her knowledge that is material to the risk." *Garvey,* 1989 A.M.C. at 658. To be material to the risk, "the fact must be 'something which would have controlled the underwriter's decision' to accept the risk." *Id.* at 659 (citations omitted).

Under California law, failure to communicate that which a party knows and ought to communicate is concealment under California law. Cal.Ins.Code § 330. "Concealment, whether intentional or unintentional, entitles the injured party to rescind insurance." Cal.Ins.Code § 331.

Section 1904 of the California Insurance Code provides that "[i]n marine insurance, if a representation by the insured is intentionally false in any respect, whether material or immaterial, the insurer may rescind the entire contract."

■ Thus, under California law, the insurer is entitled to rescission if it can show either intentional misrepresentation of a fact, regardless of materiality, or nondisclosure of a fact material to the risk, regardless of intent. Because the issue of nondisclosure of Defendant's partnership is dispositive in this case, the Court need not reach the issue of whether Defendant made intentionally false representations. Similarly, the Court need not address the other nondisclosures alleged by Plaintiff.

### Ownership of the Vessel

Plaintiff contends that Defendant failed to disclose to Plaintiff that Heeber had a one-half ownership interest in PRINCESS TWO and that this is a fact material to the risk. Defendant contends that he disclosed Heeber's interest to C.A.L. employee Dino LaMonica when LaMonica prepared Defendant's application for insurance and that this disclosure satisfied Defendant's obligations under Section 1900. The Deposition of LaMonica, Exhibit 4 in Opposition to Plaintiff's Motion, indicates that Defendant disclosed the fact of a partner to LaMonica.

#### a. Defendant Contends Agency Relationship Existed

■ Defendant contends that his disclosure to LaMonica satisfied the requirements of Section 1900 on the theory that

acts and omissions of C.A.L. and Continental are attributable to Plaintiff under agency law. Defendant argues that Continental acted as Plaintiff's agent, and C.A.L. was Plaintiff's subagent. Thus, Defendant argues, his disclosure to C.A.L. employee LaMonica is attributable to Plaintiff.

■ An insurance broker is defined as one who, "for compensation and on behalf of another person, transacts insurance other than life with, but not on behalf of, an insurer." Cal.Ins.Code § 33. Thus, the insurance broker is ordinarily the agent of the insured and not of the insurer. *Fraser–Yamor Agency, Inc. v. County of Del Norte*, 68 Cal.App.3d 201, 137 Cal.Rptr. 118 (1977). In making his argument, Defendant fails to offer evidence sufficient to show that this, unlike the usual relationship between one of broker and insurer, is one of agency.

Defendant states that Baxter Pond, President and Owner of Continental, admitted at his deposition that he was the agent of Plaintiff. In making this assertion, Defendant does not point to an excerpt of the deposition which indicates such an admission was made. Plaintiff contends that Defendant misquotes the Pond Deposition and that Pond in fact testified that he believed Continental had an agency agreement with Plaintiff, but he could not be sure without checking the files. In addition, Plaintiff offers the Declaration of Baxter Pond, Exhibit 8 to Plaintiff's Reply, in which Pond states that after checking the files of Continental Associates he found that Continental has never had an agency agreement or agency relationship of any kind with Plaintiff.

In addition, Defendant contends that the conduct of Continental and Plaintiff supports the theory of agency because Continental interacted with third parties at the request of Plaintiff, the application of insurance listed Plaintiff as agent, Plaintiff receives its remuneration from Plaintiff and Continental had the responsibility to make sure all Survey Recommendations were complete. Defendant cites no authority, however, which indicates that such conduct warrants an inference of agency rela-

tionship between an insurance broker and the insurer in the absence of an agency agreement, and Defendant fails to offer evidence of such agreement other than the alleged admission in the Pond Deposition.

Thus, Defendant has failed to offer sufficient evidence to raise a genuine issue of material fact regarding an agency or subagency relationship between C.A.L. and Plaintiff. Accordingly, the Court finds that Defendant's disclosure of his partnership with Heeber is not attributable to Plaintiff under the theory of agency.

Defendant makes no assertion that LaMonica disclosed the fact of Defendant's partnership with Heeber to Plaintiff, nor does Defendant contend that he disclosed the fact of Defendant's partnership to Plaintiff. Thus, the Court finds that there is no genuine issue of material fact regarding Defendant's disclosure of the partnership to Plaintiff.

### b. Materiality of the Nondisclosure of the Partnership

■ Defendant contends that even if Heeber's interest was not disclosed to Plaintiff, this fact is not material to the risk, and therefore such nondisclosure does not entitle Plaintiff to rescission.

Plaintiff contends that identity of Heeber as a part owner and potential operator of PRINCESS TWO is a fact material to the risk. In support of this argument, Plaintiff offers the Declaration of William Abbate, Ocean Marine Underwriter for the Roanoke Companies (managing general agents of Plaintiff). In his declaration, Abbate states that identity of every owner is "highly material to the risk," and the fact that owners are to be identified on the application for insurance indicates that ownership interests are material. Plaintiff also offers the Declaration of Baxter Pond which states that "Mr. Heeber's ownership interest in the vessel was important and material information pertaining to the risk to be insured and should have been provided … when Mr. Mellone applied for his insurance." Exhibit 8 to Plaintiff's Reply.

In support of his position that ownership is not material to the risk, Defendant cites

*Couch, On Insurance,* 2d § 25.71, stating that a part owner may insure a ship for the interest of all where they are partners and an order is given by one to insure.

In relying on this statement in *Couch,* Defendant fails to address his duty to disclose facts pursuant to Section 1900. The cited passage merely states that part owner may insure the whole interest; it does not suggest that existence of a part owner is immaterial to the risk. Defendant does not explain how this passage obviates his duty to make a full, good faith disclosure under Section 1900.

Defendant also asserts that "Washington agent Baxter Pond" indicated that the identity of every ownership interest is not material in assessing the risk to be insured. As discussed above, Pond has not been shown to be an agent of Plaintiff's, and therefore could not be presumed to speak for Plaintiff on this issue. Furthermore, Defendant does not point to this assertion by Pond in any of the evidence before the Court, and Plaintiff contends that Defendant misquoted Pond.

Defendant also refers to *Bass v. Farmers Mut. Protective Fire Insurance Co. of San Joaquin County,* 21 Cal.App.2d 21, 68 P.2d 302 (1937), as support for the proposition that misrepresentation as to the insured's interest does not necessarily void the policy. *Bass* is not, however, applicable to the instant case. There the California Court of Appeal held that untrue recordation of the property ownership interests by the insurer's *agent,* will not work to the detriment of an applicant for fire insurance. As discussed above, no agency relationship between C.A.L., who completed Defendant's application, and Plaintiff has been shown.

Based on the evidence offered in support of and opposition to this motion, the Court finds the identity of Mr. Heeber as partner is material to the risk as a matter of law. The identity of Heeber as part owner and likely operator is a fact which would have controlled the underwriter's decision to accept the risk. Any reasonable person in Defendant's position should have known that the fact of his co-ownership with Heeber was material. Thus, Plaintiff has met its burden of showing the absence of a genuine issue of material fact on this issue.

### Waiver

■ Defendant contends that a genuine issue of fact exists as to whether Plaintiff has waived its rights under the insurance policy. Defendant cites California Insurance Code § 336 which provides:

The right to information of material facts may be waived, either (a) by the terms of insurance or (b) by neglect to make inquiries as to such facts, where they are distinctly implied in other facts of which information is communicated.

This section does not support Defendant's theory of waiver. Here, there is no evidence that the terms of insurance waived the Plaintiff's right to have all owners disclosed. In fact, identity of ownership is requested in the application form. Furthermore, the evidence does not indicate that the fact of an additional owner was distinctly implied in the information communicated. As discussed above, the disclosure of the partnership to LaMonica is not attributable to Plaintiff and does not imply a duty on the part of Plaintiff to seek additional information as to ownership. Thus, Defendant's argument fails.

### Costs and Attorney Fees

■ In its motion, Plaintiff requests the Court to award it costs incurred in investigating this loss and attorney fees and costs. In support of its request, Plaintiff cites a line of cases in which courts have awarded costs and attorney fees when opponents have acted in bad faith, vexatiously, wantonly or for oppressive reasons.

There is no evidence of such serious misconduct on the part of Defendant in this action. Rescission is awarded in this case because of a nondisclosure, not because of intentional misconduct. Furthermore, there is no evidence that Defendant pursued its claim in bad faith, vexatiously, wantonly or for oppressive reasons. Accordingly, Plaintiff's request for attorney fees and costs is denied.

*Conclusion*

The fact of the partnership between Heeber and Defendant is a fact material to the risk requiring disclosure under Section 1900 of the California Insurance Code. There is no dispute that Defendant failed to directly disclose the fact of his partnership with Heeber to Plaintiff. Furthermore, Defendant has not offered evidence of an agency relationship between C.A.L. and Plaintiff such that disclosure of the fact of the partnership to C.A.L.'s employee is attributable to Plaintiff. There is no evidence that Plaintiff waived its right to such disclosure. Thus, Defendant's failure to disclose a fact material to the risk in a contract of marine insurance entitles Plaintiff to rescission as a matter of law. Accordingly, Plaintiff's motion for summary judgment is granted.

IT IS SO ORDERED.