**Michael S. OLIVER, Plaintiff— Appellant,**

v.

**COREGIS INSURANCE COMPANY, Defendant—Appellee.**

No. 01–16358.

D.C. No. CV–99–00293–FCD.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 13, 2002.

Decided July 9, 2002.

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Before SCHROEDER, Chief Judge, D.W. NELSON and REINHARDT, Circuit Judges.

## MEMORANDUM *

Michael Oliver sued Coregis Insurance Company ("Coregis") in an effort to recover the amount of a malpractice judgment that he obtained against his former attorney who was insured by Coregis. Oliver appeals the district court's order granting summary judgment to Coregis. Because there is an ambiguity in the insurance policy that must be construed in Oliver's favor, we reverse the district court's order and remand for further proceedings.

 Coregis issued a one-year, claims-made, malpractice insurance policy to Oliver's attorney that was twice renewed with each renewal policy extending the coverage for a one-year period. Oliver made his claim during the first renewal period, and provided notice of the claim to Coregis during the second.[1] Coregis contends, and the district court held, that the notice was not given during the policy period.

The Coregis insurance policy is ambiguous regarding the question of when notice must be given. At the top of the Declarations page of the renewals, in capital letters, it states that coverage is limited to "CLAIMS WHICH ARE FIRST MADE AGAINST THE NAMED INSURED AND REPORTED TO THE COMPANY WHILE *THE POLICY* IS IN FORCE." (emphasis added). Directly above that statement, the Declarations page indicates what is meant by its reference to "the policy." Specifically, it lists the policy identification number, states that the attached policy constitutes a "renewal" (of the prior policy), and lists the renewal identification number. Construed in the light most favorable to the insured, a claim made and reported to the company during the renewal period is made and reported while "*the policy* is in force," because the renewal is a "renewal of" the original policy and not a new or different policy.

This interpretation is supported by the language in the applications for the first and second renewals, both of which are entitled "renewal application," thus suggesting that the applications are for re-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Oliver contends that Coregis should be equitably estopped from claiming that it did not receive notice of his claim during the first renewal period because Oliver notified his insurance broker of the claim and the insurance broker was acting as Coregis's agent. The question whether the insurance broker was Coregis's agent is a question of law that can be resolved on summary judgment. *See Carlton v. St. Paul Mercury Ins. Co.,* 30 Cal. App.4th 1450, 36 Cal.Rptr.2d 229 (1994). It is well-settled in California law that an independent insurance broker is the agent of the insured and *not* of the insurer. *See, e.g., Strangio v. Consolidated Indemnity & Ins. Co.,* 66 F.2d 330, 335 (9th Cir.1933); *Washington Int'l Ins. Co. v. Mellone,* 773 F.Supp. 189, 192 (C.D.Cal.1990); *Arthur v. London Guar. & Acc. Co.,* 78 Cal.App.2d 198, 177 P.2d 625 (1947). Nor does the retention of a commission on a policy by an insurance broker make that broker an agent of the insurer. *See Solomon v. Federal Ins. Co.,* 176 Cal. 133, 139, 167 P. 859 (1917). Even under the California Insurance Code, an "insurance broker" is defined as "a person who, for compensation and on behalf of another person, transacts insurance ... with, *but not on behalf of,* an insurer." West's Ann. Cal. Ins.Code § 33 (2002) (emphasis added); *cf.* West's Ann. Cal. Ins. Code § 31 (2002) (defining an "insurance agent" as a person who is *authorized* by and on behalf of an insurer to transact all classes of insurance). Therefore, we reject Oliver's equitable estoppel argument and agree with the district court that the insurance broker was not Coregis's agent.

newals or extensions of the original policy rather than for new or different policies. Additionally, the quotations that Coregis provided to Oliver's attorney to explain the limits and premiums for the renewals are entitled "renewal quotation," thus again suggesting that the renewals are continuations of the prior policy and not new policies.[2]

Because any ambiguity in the insurance policy must be construed against the insurance company, *see State Farm Mutual Auto. Ins. Co. v. Fernandez,* 767 F.2d 1299, 1301 (9th Cir.1985), Oliver's notice is timely and summary judgment for Coregis was improper.[3]

For these reasons, we REVERSE the district court's grant of summary judgment and REMAND the case for further proceedings consistent with this disposition.

**REVERSED AND REMANDED.**

---

**2.** We are not persuaded by Coregis's contention that Oliver waived any argument that the policy is ambiguous by failing to raise the ambiguity before the district court. Oliver has consistently maintained that his notice was timely under a proper interpretation of the Coregis policy. Thus, whether the policy must be construed in the manner he urges is properly before us. We simply do not find the policy to be as clear on its face as either party suggests.

**3.** Contrary to Coregis's contention on appeal, *Burns v. International Ins. Co.,* 929 F.2d 1422 (9th Cir.1991), in which we held that the notice-prejudice rule does not apply to claims-made insurance policies, does not require a different result. In *Burns,* the insurance company was notified of the claim, not during the policy period of a renewal policy, but after the policy period had ended. We do not rely on any notice-prejudice argument here.