**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 18 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SW TRADERS LLC, | No. 10-35065 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-00778-MJP |
| v. | |
| UNITED SPECIALTY INSURANCE COMPANY, aka USSIC, aka State National, aka State National Insurance Company, aka HCC Insurance Holdings; OPTIMUM CLAIMS SERVICES INC; WFT INCORPORATED, also known as WFT of Seattle, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Argued and Submitted November 3, 2010
Seattle, Washington

Before: B. FLETCHER, FERNANDEZ and BYBEE, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appellant SW Traders, LLC appeals the district court's grant of summary judgment in favor of Appellees United Specialty Insurance Company ("USSIC"), Optimum Claims Services, Inc., and WFT Incorporated, and the district court's denial of its Rule 56(f) request. Appellant filed this suit to recover payment under a marine insurance contract for losses sustained by the M/V PACIFIC DAWN on its voyage from Vancouver to Hawaii. Prior to the exchange of discovery, but after Appellant moved for summary judgment, the district court granted summary judgment in favor of Appellees, holding that the contract was void at its inception under the admiralty doctrine of *uberrimae fidei*. The district court also denied Appellant's request for further discovery under Federal Rule of Civil Procedure 56(f). We have jurisdiction over this appeal under 28 U.S.C. § 1291 and we now affirm.

**I.**

We review de novo the district court's grant of summary judgment in favor of Appellees. *Cascade Health Solutions v. PeaceHealth*, 515 F.3d 883, 912 (9th Cir. 2008) (citation omitted). Federal Rule of Civil Procedure 56(c) entitles a party to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a

2

judgment as a matter of law." Fed. R. Civ. Pr. 56(c). In deciding a motion for summary judgment, we view the evidence in the light most favorable to the non-moving party, and draw all justifiable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255(1986); *Betz v. Trainer Wortham & Co.*, 486 F.3d 590, 591 (9th Cir. 2007).

## II.

Appellant does not dispute that *uberrimae fidei* is available as a defense. It argues, however, that it does not apply in this case. *Uberrimae fidei* is a longstanding federal maritime doctrine that applies to marine insurance contracts. *New Hampshire Ins. Co. v. C'Est Moi, Inc.*, 519 F.3d 937, 938 (9th Cir. 2008) (citing *Certain Underwriters at Lloyd's v. Inlet Fisheries*, 518 F.3d 645, 655 (9th Cir. 2007)) (internal quotation marks omitted). Meaning "utmost good faith", the doctrine requires applicants for marine insurance "to reveal every fact within his/her knowledge that is material to the risk," even when this information is not explicitly sought or asked for by the insurer. *Cigna Prop. and Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 418 n.1 (9th Cir. 1998). An insurer can invoke this rule to void an insurance contract if it can show "either intentional misrepresentation of a fact, regardless of materiality, or non-disclosure of a fact material to the risk, regardless of intent." *Id.* at 420 (internal citations omitted).

3

We conclude that Appellees are entitled to this defense because there was a non-disclosure of a fact material to the risk by Appellant. Appellant failed to affirmatively disclose the true owner of the insured vessel to the insurers. This court has recognized ownership of a vessel as material to an insurance company's assessment of risk. *See Cigna Prop.*, 159 F.3d at 420 (noting that Polaris failed to disclose a party's ownership interest in the vessel in question and that this was material to the insurance company's risk); *see also Washington Int'l Ins. Co. v. Mellone*, 773 F. Supp. 189, 191–193 (C.D. Cal. 1990) (noting that co-ownership interests are material to the insurance risk). In addition, Appellees present the declaration of Robin Armfield, Vice-President and marine underwriter for WFT Incorporated, to further support the materiality of vessel ownership. In her declaration, she states, "[a]n underwriter bases much of its underwriting process on the identity of the vessel owner which establishes essential information such as whether the owner is an experienced owner and/or operator of a vessel, the owner's location, and the intended purpose and manner of operation of the subject vessel."

Appellants offer nothing that legitimately calls the materiality of vessel ownership into question. Appellant argued at oral argument that the identity of the vessel's true owner, Reginald Gates, may not, in this case, have affected Appellee's decision to insure the vessel, and that summary judgment was therefore

4

unwarranted. This argument, however, misses the mark. Ship ownership is indisputably material to an insurance company's *assessment of the risk*, regardless of whether the identity of the owner actually increases the risk of insuring a particular vessel. As such, Appellant had a duty under *uberrimae fidei* to disclose the true identity of the vessel owner to Appellees.

In addition, although documentation was given to the insurance company revealing that SW Traders, LLC was the owner of the insured vessel, nothing in this documentation revealed that Reginald Gates, and not Stanley Lambert, was the sole member of the identified corporate owner. Accordingly, the district court's holding that Appellees are entitled to the defense of *uberrimae fidei*, and that the contract was void at its inception, is affirmed. The panel need not reach the alternative grounds upon which judgment was rendered in Appellees' favor.

**III.**

Appellant contends that the district court erred in implicitly denying its Rule 56(f) request. Rule 56(f) allows the district court, when a party opposing a motion for summary judgment "shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition," to "order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be

5

undertaken." Fed. R. Civ. Pro. 56(f). Denial of a Rule 56(f) request is reviewed for abuse of discretion. *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998).

Pursuant to its request, Appellant sought the opportunity to depose Ms. Armfield on the issue of whether the identity of the owner of the vessel was actually material to the risk, and on whether Ms. Armfield's initial declaration was coerced. Appellants moved under Rule 56(f) in the hopes that Ms. Armfield would directly contradict the statements that she made in her previous declarations. The facts sought by Appellant in its Rule 56(f) request can most generously be considered speculative, if not far-fetched. Therefore, the district court did not abuse its discretion in denying Appellant's Rule 56(f) motion, and its decision is affirmed. *See Margolis*, 140 F.3d at 854 (noting that the facts sought in a Rule 56(f) motion must be based on more than mere speculation).

## IV.

Because Appellees are entitled to the defense of *uberrimae fidei*, summary judgment was properly granted in their favor. The judgment of the district court is hereby **AFFIRMED**.